## ELLEN B. GILMER et al. v. MICHAL FELHOUR.

1. CHANCERY COURT — PLEADING — CROSS-BILL — CHARACTER OF RELIEF GRANTABLE UNDER A CROSS-BILL. — Where a cross-bill seeks not only discovery, but relief, the relief prayed by the cross-bill should be equitable relief, otherwise it is demurrable.

2. SAME — PLEADING AND PRACTICE — FATE OF A CROSS-BILL PRAYING ONLY LEGAL RELIEF, ON DISMISSAL OF ORIGINAL BILL. — Where the original bill, upon final hearing, was dismissed for want of equity, and the matters of the cross-bill were purely of a legal character, there is no equity in the cause to sustain the jurisdiction of the court to grant relief upon the cross-bill, and, therefore, that bill should also have been dismissed on final hearing.

3. SAME — SAME — OFFICE OF A CROSS-BILL. — A cross-bill is a matter of defense. It cannot introduce new and distinct matter not embraced in the original suit, and, if it does so, no decree can be founded on the matter.

4. SAME — SAME — WANT OF EQUITY IS NO DEFENSE TO A CROSS-BILL, BROUGHT FOR DEFENSE, SO LONG AS THE ORIGINAL BILL IS RETAINED. — Where the original bill is retained, and contains sufficient equity to give jurisdiction to the court, the want of equity is no defense to a cross-bill brought forward by way of defense.

5. SAME — SAME — ORIGINAL AND CROSS-BILLS — DISMISSAL. — A cross-bill is a mode of defense. The original bill and cross-bill are but one cause. A cross-bill is treated as a dependency upon the original suit. From this it necessarily follows that when the original bill is dismissed, the dismissal carries with it the cross-bill.

6. SAME — SAME — EXCEPTIONS TO THE RULE OF DISMISSAL OF CROSS-BILLS ALONG WITH ORIGINAL BILLS — ORIGINAL BILL FOR SPECIFIC PERFORMANCE AND CROSS-BILLS FOR RESCISSION OF A WRITTEN CONTRACT. — There are exceptions to the rule that the cross-bill must follow the fate of the original bill. When, for instance, the original bill seeks the specific performance of a contract, which the defendant endeavors, by a cross-bill, to cancel and rescind, if the cross-bill were dismissed, the complainant in the original bill would still bring his action at law, and recover damages for the breach of the contract.

APPEAL from the chancery court of Lowndes county. BROWN, J.

The facts appear in the opinion of the court.

*Leigh & Evans,* for appellants.

*Christian & Sykes,* for appellee.

PEYTON, C. J.:

Michael Felhour brought an action of ejectment, in the circuit court of Lowndes county, against Ellen B. Gilmer, to recover the possession of a certain parcel of land therein described. The said Ellen B. Gilmer and others, claiming to have an equitable title to the land by purchase from the said Michael Felhour, through his agent, Joseph Toland, filed their bill in the chancery court of said county to obtain from him the legal title to said lands.

The bill alleges that Joseph Toland was the agent of said Felhour, and as such had authority, by letter, to sell the land, and that by virtue of that authority he did sell the same to one Gilmer, through whom the complainants claim. The defendant Felhour, in his answer to the complainants' bill, says, that Joseph Toland was his agent only to pay taxes on the land in controversy, but never was his agent to sell the same, and positively denies that he ever appointed said Toland to sell and convey the said land, or to receive and collect the money therefor, or that he ever intended to do so, and that he never intended to part with the title to the land without receiving the purchase-money. The defendant makes his answer a cross-bill, and asks for a decree for the possession of the land and for the rents and profits thereof.

Upon the final hearing of the cause upon the original and cross-bills and the answers thereto and exhibits, the court dismissed the original bill and decreed upon the cross-bill that the possession of the land be delivered to the said Felhour, and that the rents and profits thereof be paid to him. And from this action of the court, the case comes into this court by appeal.

The allegations of the bill as to Toland's authority to sell are positively denied by the answer, and are not sus-

tained by the proof. It appears from the correspondence between Toland and the appellee, that the land in controversy adjoined a tract of land belonging to the former, which he had for some time been endeavoring to sell without success, and, to enable him to do so advantageously, he expressed a desire to purchase and add to it the small tract belonging to the appellee, who was willing to sell and convey to him upon the receipt of the purchase-money. But, without having made the purchase, Toland sold the whole tract, including the eighty acres, belonging to the appellee as his own land, to Gilmer, intending, no doubt, to purchase the latter and thereby perfect the title to the whole tract thus sold to Gilmer.

It is very clear from the evidence that Toland did not pretend to sell the land in controversy as agent of the appellee, and his deed of conveyance shows that he sold the whole tract, including the land in dispute, as his own. The case of Morrow v. Higgins, 29 Ala. 448, cited and relied on as an authority for the appellants, is very different from the case at bar. In that case Watson and Higgins were joint owners of a tract of land, and Higgins, by letter, authorized Watson to sell his interest in the land, and the letter was exhibited to Morrow, who bought the whole tract from Watson, who acted on his own behalf and as agent for Higgins, and made two deeds to the purchaser, one from himself and wife individually, and the other signed by him in the names of himself and Higgins, thereby clearly indicating an intention to convey the interest of Higgins as well as his own. But, in the case under consideration, there was no joint ownership, and Toland did not pretend to act as agent, but sold the land as his own, and gave a deed, with a general warranty of title, to the purchaser.

We think the decree of the court was right in dismissing the complainants' bill. But we think the court erred in granting relief under the cross-bill. Where a cross-bill seeks not only discovery, but relief, the relief prayed by the cross-bill should be equitable relief; for to this extent

it may be considered as not purely a cross-bill, but in the nature of an original bill seeking further aid from .the court; and then the relief ought to be such as in point of jurisdiction it is competent for the court to give. It was upon this ground, that where a purchaser of an estate, under articles of agreement, filed his bill for a conveyance, having got into possession of a part of the estate, and the vendor filed a cross-bill to recover back the possession from the purchaser, the court, although it dismissed the original bill, refused to give the relief sought upon the cross-bill; for, it was the proper object of an action of ejectment and entirely within the competence of a court of law. Story's Eq. Pl. 374, § 398; Lube's Eq. Pl. 143, in note.

The original bill upon final .hearing having been dismissed for want of equity, and the matters of the cross-bill being purely of a legal character, there is no equity in the cause to sustain the jurisdiction of the court to grant relief upon the cross-bill, and therefore that bill should also have been dismissed on final hearing.

A cross-bill is a matter of defense. It cannot introduce new and distinct matter not embraced in the original suit, and, if it does so, no decree can be founded on those matters. The original bill, in this case, was filed by complainants to obtain the legal title to the land from the defendant. The purpose of the cross-bill was to .obtain a decree for the possession of the land and for the payment of the value of the rents and profits thereof. These are new and distinct matters not embraced in the original suit, nor necessary in defense. Adam's Eq. 403; Hopkins' Ch. 48; 8 Cow. 360. Where the original bill is retained and contains sufficient equity to give jurisdiction to the court, the want of equity is no defense to a cross-bill brought forward by way of defense. But if the cross-bill seeks relief, it is indispensable that it should be equitable, otherwise the bill will be demurrable; for to this extent it is not a pure cross-bill, but is in the nature of an original bill, seeking further aid of the court, beyond the purposes of defense to the original

bill; and, under such circumstances, the relief should be such as in point of jurisdiction the court is competent to administer.  Story's Eq. Pl. 536, § 629.

A cross-bill is a mode of defense.  The original bill and cross-bill are but one cause.  A cross-bill is treated as a dependency upon the original suit.  Story's Eq. Pl. 375, § 399; Cross v. De Valle, 1 Wall. (U. S.) 14.  From this, it necessarily follows, that when the original bill is dismissed, the dismissal carries with it the cross-bill.  Elderkin v. Fitch, 2 Carter (Ind.), 90; Slason v. Thrall, 14 Vt. 208; Dill v. Shahan, 25 Ala. 694; McConnel v. Smith, 23 Ill. 607; Dows v. City of Chicago, 11 Wall. 112.  In the last-cited case the original bill was dismissed, and the court say that the cross-bill must follow the fate of the original bill.

This is the general rule, to which there are some exceptions, as when an original bill is brought for the specific performance of a written contract, which the defendant at the same time insists ought to be delivered up or canceled. Under the original bill no such relief could be had, and even if the plaintiff should fail in obtaining a decree under his original bill, for a specific performance of the contract, he might, notwithstanding, afterward bring his action at law for damage sustained by him by the non-performance. It may, therefore, be necessary for the defendant, in order to his protection against any such harrassing suits, to file a cross-bill for the purpose of having the contract delivered up or canceled. Story's Eq. Pl. 370, § 391.  The decree dismissing the original bill is affirmed at the costs of the appellants, but the decree giving relief upon the cross-bill is reversed at the costs of the appellee.  And this court, now proceeding to render such a decree upon the cross-bill as the court below ought to have rendered, doth order, adjudge and decree that the said bill be dismissed at the costs of the complainants therein.