## S. E. BISHOP et al v. MAHALA E. MILLER.

CHANCERY PRACTICE.—New parties to a suit in chancery court be introduced by cross-bill.

APPEAL from the chancery court of Copiah county. PEYTON, Chancellor.

The facts are stated in the argument of counsel and the opinion of the court.

*C. E. Hooker,* for appellants.

This was a bill filed by Mahala E. Miller against T. C. Bishop and wife, in chancery court of Copiah county, suing by her father, James, as next friend, she being a minor. The bill was answered by Bishop and wife, and a supplemental answer was, by leave of the court, filed, and this answer is made a cross-bill, and James R. Melson and wife are made parties thereto; they demur to the cross-bill, and say they cannot be made parties to this suit.

It is an unvarying rule in equity, that all parties in interest must be made parties to the suit; and when the chancellor is advised that certain parties are interested in the subject-matter of the suit, whether complainants or defendants, he will order that they be made parties. And why may not this suggestion be made to the court as well by cross-bill as by oral suggestion or written petition?

In the case of Caleb Jones et al. v. Marshall Smith, 14 Ill. 229, this point underwent express decision. In the syllabus to the case it is thus stated: "A defendant to a bill in equity has a right to file his cross-bill, stating new facts, if those facts are connected with the subject-matter of the original suit, and to make new parties in his cross-bill, if they are affected by the facts therein

alleged; and it is error to strike such cross-bill from the files, and to forbid that it be prosecuted."

In delivering the opinion of the court in this case, Justice Caton says: "We find in this record a fatal error, long antecedent to the final decree, by reason of which all that was finally adjudged became vitiated. That error is found in the decision of the court striking from its records the cross-bill, and refusing the complainant thereon the right to prosecute it. A cross-bill is proper whenever the defendants, or either of them, have equities arising out of the subject-matter of the original suit which entitle them to affirmative relief which they cannot obtain in that suit."

This case is a clear and emphatic decision of the point raised by this demurrer to the cross-bill of defendants herein. And to the same point, see the case of Blodgett et al. v. Hobart et al. 18 Vt. 414.

And if the defendants have brought a cross-bill, including as defendants thereto the original orators and a third person, who is so interested in the subject-matter of controversy on the original bill, as not to be a competent witness therein for the orators, the answer of such third person to the cross-bill can in no way be used by the orators in the original bill to sustain the case made out by them on that bill.

Justice Bennett in delivering the opinion of the court, says: "The bill is brought by these Hobarts against the orators and Burrage (the third party in the cross-bill), to whom the orators have conveyed the premises; the object of the cross-bill is to obtain relief against the orators in the original bill, from the effect of their release to Foster of his farm, which was included in the mortgage, and also to obtain a decree that the orators in the cross-bill may be let in to redeem the land foreclosed in the action of ejectment;" and continues: "Though both parties were, doubtless, at that time under a mistake in relation to this point

(the mortgage), yet, we think, this cannot debar Hobart of his equity of redemption."

See, also, to this same effect the case of Patterson v. Hull, 9 Cow. 747, where it is decided: "A cross-bill is always necessary where the defendant is entitled to some positive relief beyond what the scope of the complainants' bill will afford him."

In the case at bar it is alleged in answer and cross-bill, Sarah A. Melson had made title to the land in controversy while she was the widow of Aaron Miller, and this the demurrer admits; then she and her husband are shown to have an immediate and direct interest in the subject-matter of the suit, and should be made parties thereto.

If they have rights adverse to the defendants or complainants in this suit, they cannot complain of being made parties to a suit about a property in which they are interested, and which they are alleged to have twice conveyed by solemn deed. It may be said that parties might be added to the original suitors *ad infinitum*. But the true rule, we submit, is that they alone can be made parties who are shown to the court to have an interest in the subject-matter in litigation. Equity abhors a multiplicity of suits, and will not encourage their institution; but will compel all parties in interest to come into court and submit their rights to be adjudicated once for all. If this suit should be decided against the claim of the minor, Mahala E. Miller, we hazard nothing in saying it will be followed by a suit by Melson and wife, the demurrants here, to assert their rights to the very subject-matter now here in controversy. If it should turn out that Melson and wife have no interest in the subject-matter of the suit they will be dismissed with their reasonable costs, with which the other litigants will be taxed. If they really have an interest in the subject-matter of the suit, it can operate no hardship to them to be

compelled to answer the cross bill, disclose their real interest, and submit their rights and claims with the other parties litigant to the adjudication of the chancellor.

*H. B. Mayes*, for appellee.

The only question in the record is raised by the demurrer of appellee to the amended answer of Bishop, the appellant. This answer is made a cross-bill, and introduces and prays process against W. R. Melson and S. A. Melson, his wife, who are not parties to the original suit, but are entirely new parties. The appellees, after having answered for themselves, demur to so much of said answer and cross-bill as introduces these new parties. This demurrer was sustained, and cross-bill dismissed, so far as it seeks to make W. R. Melson and Sarah A. Melson parties to the suit.

The decree of the court is fully sustained by this court in Ladner v. Ogden, 31 Miss. 340–341.

Tarbell, J.:

This is submitted as a delay case. Mahala Miller exhibited her bill of complaint against S. E. Bishop, J. C. Bishop, and James A. Sanders. S. E. Bishop and J. C. Bishop made their answer a cross-bill, by which they introduced new parties, viz.: Sarah A. Melson and Wm. R. Melson. For this cause the complainant demurred to the cross-bill. The demurrer was sustained, as to the new parties, and the answer or cross-bill as to them was dismissed. From this decree an appeal was prosecuted, and the only question presented here is as to the right in chancery to introduce new parties by a cross-bill.

The complainant seeks to set aside a conveyance made by herself, while an infant, of certain lands described in the complaint, to E. P. Sanders, and also the conveyance of the same land by Sanders to S. E.

Bishop, one of the respondents.   The defense is, that
the title of complainant is merely colorable, and that,
in truth, she is a mere trustee for Sarah A. and W. R.
Melson, sought to be made parties by the cross-bill.
It seems that the title of complainant is derived from
Aaron Miller, a former husband of Sarah A. Melson,
and it is charged that his conveyance to complainant
was with an understanding, or agreement that com-
plainant was to hold said title in trust for said Sarah
A., and subject to her control and disposal.   Further
allegations of the pleadings render it clear, that the
Melsons are material and necessary witnesses for the
respondents, if not for complainant, and that the
interests of the Melsons may be, to some extent,
affected by the result of this litigation; but, as between
the complainant and respondents, the necessity of mak-
ing the Melsons parties is not apparent at present.   If,
however, in the progress of the cause, it should appear
that a proper decree cannot be rendered without the
presence of the Melsons, the court can require them to
be brought in.   If they choose not to ask to come in to
protect their interests, and to have their rights adjudi-
cated in this action, nothing yet appears why their
course should be dictated by the court.

As to the right to introduce new parties in the mode
here attempted, the practice, as stated by Daniell, Bar-
bour, Maddock, Smith and Story, would seem to be
clearly adverse to the claim of the appellant.

" A cross-bill, *ex vi terminorum,* implies a bill brought
by a defendant in a suit against the plaintiff in the
same suit, or against other defendants in the same suit,
or against both, touching the matter in question in
the original bill."   Story Eq. Pl., § 389; see, also, ib.
§§ 392, 396.

" A cross-bill is a bill brought by a defendant against
a plaintiff, or other parties in a former bill depending
touching the matter in question in that bill.   It is

treated as a mere auxiliary suit, or as a dependency upon the original suit, and can be sustained only on a matter growing out of the original bill. New parties cannot be introduced into a cause by a cross-bill." 2 Dan. Ch. Pr. 1647, ch. 34.

" A cross-bill is a bill brought by a defendant against a plaintiff, or against any other party to a former bill depending touching the matter in question in that bill." 1 Smith Ch. Pr. 459, book 2, ch. 1.

In Shields et al. v. Barrow, 17 How. (U. S.) 145, the court say: "New parties cannot be introduced into a cause by a cross-bill. If the plaintiff desires to make new parties, he amends his bill and makes them. If the interest of the defendant requires their presence, he takes the objection of non-joinder, and the complainant is forced to amend, or his bill is dismissed. If, at the hearing, the court finds that an indispensable party is not on the record, it refuses to proceed. These remedies cover the whole subject, and a cross-bill to make new parties is not only improper and irregular, but wholly unnecessary."

Possibly a contrary rule is intended to be declared in Jones v. Smith, 14 Ill. 229, to which we are referred by counsel for appellant, but this is by no means certain. New parties were introduced by a cross-bill, and on motion, the latter pleading was stricken from the records. The appellate court, in fact, only held this action of the inferior court erroneous and that the new parties were essential to the determination of the cause. The language of the opinion, however, would seem to be in conflict with the rule stated by the writers on the practice in such a case, and with the views of the supreme court of the United States, quoted *supra*.

A third party was introduced by a cross-bill in Blodgett et al. v. Hobart et al., 18 Vt. 414, also referred to by counsel for appellant, but no question was raised as

to the right or propriety of so doing, either by the parties or the court.

The new parties, in both the cases cited from the Vermont and from the Illinois reports, were manifestly essential to correct results.

Pettison et al. v. Hull et al., 9 Cow. 747, cited by the counsel in support of the cases last referred to, was in the circuit court of New York, wherein the circuit judge, subsequently distinguished as a member of the supreme court of that state, submitted a written opinion, which was published in the concluding volume of his own reports. This case is believed not to be in point, but is applicable to another branch of chancery practice. It only declares the familiar rule, that "a cross-bill is always necessary when the defendant is entitled to some positive relief beyond what the scope of the complainant's bill will afford him." If we correctly understand the case at bar, the respondent can obtain the relief sought by the cross-bill, if warranted by the proof, without the presence, other than as witnesses, of Melson and wife, as far as is shown thus far. It is not for the respondents to protect the interest of these parties. If they choose voluntarily to permit their rights to be jeopardized in this litigation, they alone can complain. The rule stated in 17 How., *supra*, will afford the respondents every security which their rights demand.

But the question presented on this appeal has been several times before the courts of this state. Walker v. Brungard, 13 S. & M. 723, was an appeal from chancery, wherein the chancellor had said : " The cross-bill of Thomas F. Walker introduces new and different parties and interests, with distinct and independent matters. Had this been excepted to in the form of a demurrer, plea or claim to object to the same on final hearing, I should have been disposed to keep

out of consideration of the original bill all matters which relate to the claims of Salmon and Mrs. Brungard, her agents or trustees; but as the whole cross-bill is answered in detail, and the answers relied upon on final hearing, it is my duty to decide the whole case." This was substantially approved on error.

Under the doubtful language of Hutch. Code, 770, ch. 54, art. 12, § 1, act of February 15, 1838, the high court of errors and appeals, in Ladner et al. v. Ogden et al., 31 Miss. 332, very distinctly and emphatically delare the practice in chancery on this subject in accordance with the rules stated by the authorities cited *supra*.

The phraseology of the foregoing provision of Hutch. Code, and that of the Code of 1857, followed in 1871, is radically and clearly intentionally different. Both the latter employ the language of the writers on chancery practice (Code of 1857, art. 51, p. 548; Code of 1871, § 1030), as follows: "Any defendant in a chancery suit may make his answer a cross-bill against the complainant, or his co-defendant or defendants, or all of them; and may introduce any new matter therein material to his defense, and may require the same to be answered; and in the same manner may require of the complainant, or any of the defendants, a discovery of any matter material to his defense, and he shall have process thereon against the defendants to such cross-bill, and the like proceedings therein as in other bills or cross-bills." And thus the practice in this state, upon the point before us, is settled, both by adjudication and by statute, and, as we think, correctly.

It follows that the decree of the chancellor must be affirmed.

*Ordered accordingly.*