MARY A. SHAW et al. *v.* VALENCIA MILLSAPS et al.

1. FRAUDULENT CONVEYANCES — EFFECT THEREOF. — A conveyance made to delay, hinder, or defraud, is only void as to creditors. As to them the title is still in the grantor for the purposes of paying debts. It is good as against the grantor and his heirs.

2. SAME — BILL TO CANCEL — NECESSARY PARTIES. — The authorities are not agreed as to whether the liens of a fraudulent grantor are necessary parties to a bill to cancel a fraudulent conveyance. Smith v. Grimm, 26 Penn. St., 95. Gaylord v. Kelshaw, 1 Wallace, 81. Where an answer to a bill is made a cross bill, and asks for the cancellation of a deed, the complainants in the cross bill must confine it to the parties in the original bill. New parties cannot be introduced in a cross bill.

3. SAME — CASE IN JUDGMENT.—M., having a decree against S., was proceeding to sell her land levied upon, when she was enjoined by M. S., who claimed the land by virtue of a conveyance to her from W., trustee, etc., made before the decree was rendered against S. Pending the injunction, S. died. Upon the final hearing M. made her answer a cross bill, and in it prayed for the cancellation of the deed to M. S., as fraudulent. A decree was rendered accordingly. *Held*, that this decree was erroneous, as the proper parties were not before the court to warrant it in cancelling the deed; but the decree should have been, dissolving the injunction and allowing the land to be sold under the former decree.

APPEAL from the Chancery Court of Jefferson County. Hon. JAMES M. ELLIS, Chancellor.

Upon the final settlement of the guardian account of Mary Shaw, as guardian of Valencia Millsaps, rendered after her marriage with Horace Millsaps, she was found indebted to her ward in the sum of $2,336.09, for which sum a decree of the probate court of Jefferson county was rendered at the February term, 1869 ; a *ven. exponas* was issued for the sale of certain lands on the 20th of August, 1870, and 1,100 acres of land was advertised to be sold on the first Monday of October, 1870.    Mary Ann Shaw filed her bill, joined by her husband, Wm. Shaw, for conformity, setting out the above facts, and that the land levied on was to the extent of 860 acres, her land having been purchased by her, in 1868, at a trust sale made by J. J. Warren, as trustee in a deed made by Mary Shaw (the defendant in the judgment of Valencia Millsaps) to J. J. Warren, trustee to secure Wm. Shaw a debt of $9,330.    At the sale under this trust deed, Mary Ann Shaw, the appellant, purchased 860 acres of the 1,100 included in the trust deed to Warren, and Warren conveyed to her.    Valencia Millsaps, her husband and the sheriff, were made defendants, and an injunction asked to restrain the sale of the land as belonging to Mary Ann Shaw, and not the land of Mary Shaw, the defendant in execution.    This bill was subsequently amended, stating that Mary Shaw had died, and one William Shaw was her administrator, and also alleging the probate decree against Mary Shaw, in her life time, had never been enrolled, and was no lien upon the land under which they were seeking to sell it, and that no one but the administrator could sell it, if subject to sale at all, without the heirs or administrator of Mary Shaw, deceased, the judgment debtor to Valencia Millsaps, and the grantor in the deed to J. J. Warren, trustee, being made parties, either complainants or defendants in the suit, or making Warren, trustee, a party.

Valencia Millsaps and husband answered this bill of injunction, making their answer a cross bill against Mary Ann Shaw, and charging fraud in the execution of the trust deed of Mary Shaw, deceased, to J. J. Warren, trustee, and also fraud in the sale from

Warren to Mary Ann Shaw. To this cross bill appellants filed their answer, denying the fraud, and setting up a demurrer, general and special, for want of proper parties to justify the relief prayed for in the cross bill.

The decree declared the deed in trust from Mary Shaw to Warren, as trustee, to secure the debt of William Shaw, to be fraudulent, and to be cancelled, and the injunction to be dissolved From which decree an appeal was taken, and the following errors complained of.

1. The court erred in overruling the demurrer of appellants to the cross bill of appellees, for want of the necessary parties thereto, as preventing the court from granting the relief prayed for therein.

2. The court erred in rendering a final decree dissolving the injunction and declaring the deed from Mary Shaw to J. J. Warren, trustee, and the deed from Warren to appellant void, for fraud, without the grantor in each deed, and the grantee in the first being parties to the proceeding, and without the administrator and heirs of Mary Shaw, deceased, being parties to said proceeding.

*Hiram Cassedy, Sr.*, for appellants, insisted :

1. That the merits of the question as to the deeds could not be properly investigated for want of the proper parties to the cross bill, and from the fact that this issue was presented on a cross bill, the necessary parties could not be made owing to the restrictions thrown around proceedings by cross bill as to new parties, other than those to the original bill. The general rule in equity as to parties is, that all persons who are interested in the object of the bill are necessary parties. Story's Eq. Pl., § 77; Snodgrass v. Andrew et al., 30 Miss., 472 ; Butler v. Spann, 27 ib., 234 ; Lovejoy v. Irelan, 17 Md., 526; Gaylord v. Kelshaw, 1 Wallace, 81 ; Bump on Fraud. Convey., 522. And as the necessary parties were not and could not, in this proceeding be brought before the court, the demurrer should have benn sustained, and the injunction made perpetual.

*W. F. Mellen*, for appellees, contended :

1. That by the general rules of chancery, a defendant has no right to make new parties to the suit by his cross bill. Ladner v. Ogden, 31 Miss., 332.

2. That the court has a right to decree that new parties be introduced as often as it is discovered that they are interested in the suit. Carman v. Watson, 1 How., 333. And such a decree will be presumed correct. Pass v. McRea et al., 36 Miss., 143. That if the complainant desires that certain parties, having interest in the suit be made parties, that desire can be gratified by an amendment to the bill .of complaint. If necessary parties, the original bill ought to have made them parties. This is a prerogative which complainants can always resort to, and so protect themselves should it in any case become necessary to introduce new parties for their protection.

3. If there is any error in the decree, it is not an error of which the appellants can complain, or one that can do them any harm or injury. Those in interest, who were not parties to the suit, do not have their rights affected by the decree.

SIMRALL, J., delivered the opinion of the court.

On final settlement of her guardianship accounts with her ward, Valentia Millsaps, Mary Shaw, her.guardian, was adjudged to pay her $2,536.09.

Execution issued upon that decree, and was levied upon the lands in controversy. The sale was arrested at the suit of Mrs. Mary A. Shaw (whose husband joined her for conformity), by injunction. She claimed to be the owner of the property, and darraigned her title through a conveyance made by Mary Shaw to one Warren in trust, to sell on nonpayment of a debt of about $9,000 from herself to Wm. Shaw, and a sale and conveyance by the trustee to Mary A. Shaw, complainant.

Mrs. Millsaps and her husband, in their answer to the bill setting up the foregoing facts, impeach both the deed in trust to Warren, and his conveyance to Mary A. Shaw as executed in fraud

and covin, with intent to hinder, delay, and altogether defeat Mrs. Millsaps in the collection of her debt against Mrs. Mary Shaw. The answer was made a cross bill, and concluded, among other things, with a prayer for setting aside and canceling these conveyances as obstructions in the way of fully reaping the benefits of the probate decree.

At the final hearing, that relief was granted.

In the progress of the suit Mrs. Mary Shaw died. It was assigned for cause of demurrer, by defendants, to the amended bill, that the personal representative and the heirs of Mary Shaw, deceased, had not been made parties. The names of the latter were given in one of the depositions.

The question, and the only one seriously urged by the appellants is, that it was error to set aside and annul the conveyances when the personal representatives and heirs of Mrs. Mary Shaw were not parties to the cross bill.

Mary Ann Shaw claimed title as purchaser at the trust sale. It is hardly controverted by the appellants that the trust deed, and the conveyance to Mary Ann Shaw are fraudulent as to Mrs. Millsaps. If that be so, a decree dissolving the injunction and turning loose the execution, manifestly would have been right and proper. But Mrs. Millsaps, by her cross bill, sought affirmative relief, viz: the cancellation of the deeds, as casting a shade and suspicion over the title that might be passed at the sheriff's sale under her decree.

It has always been held under the statute of frauds, that a deceitful and erroneous conveyance was *only* void as against the creditor   *   *   *   whose debt thereby might be disturbed, hindered or defrauded. Such is the fair intendment of the words of the statute. It is good as against the grantor, and vests the estate in the grantee, subject, however, to be defeated by the creditor or other persons injured thereby, and by him or them "only." It is good against the heirs of the grantor.

The authorities are not agreed as to whether the heirs of the

fraudulent grantor are necessary parties. In Smith v. Grim, 26 Penn. St., 95, it was held they were not, because they had no interest in the property. But in Gaylord v. Kelshaw, 1 Wallace, 95, it was ruled that the fraudulent grantor was a necessary party, and such was also the ruling in 17 Md., 526; Lovejoy v. Irelan; Beardsley Scythe Co. v. Foster, 36 N. Y., 566; Lawrence v. Bank of Republic, 35 N. Y., 324. But there is this further difficulty. The complainants in the cross bill must confine it to the parties to the original bill; new parties cannot be introduced.

The parties defendants to the original bill, are Valencia Millsaps and her husband, the sheriff of Jefferson county, and Thos. Reed, the attorney for Millsaps and wife.

Under the practice, no other parties could be made defendants to the cross bill except the complainants and codefendants. It was not necessary that Mary Ann Shaw and husband should, in order to procure the relief they insisted upon, make any other persons defendants, than Mrs. Millsaps and her husband. These defendants could have successfully defeated the relief sought by proof that the conveyances to her were fraudulent. There is no doubt upon the authorities, that if Mrs. Millsaps had gone into chancery in aid of her execution, after she had made the levy, to displace these deeds as fraudulent, that the fraudulent grantor would have been a necessary party. To obtain such relief Mary Shaw and Warren, trustee, were necessary parties, especially the former. But Mrs. Millsaps did not, in the first instance, invoke that sort of equitable aid, but was proceeding to sell the land under her process, which would have left the question of the fraudulency of the deeds, to have been litigated between the purchaser and Mary Ann Shaw. The question was to have been left open to investigation, in an ejectment by the purchaser, and if the fraud were established, would as effectually have defeated Mrs. Shaw's title, as if litigated in chancery to avoid the deeds. The statute having denounced utter "voidness" of a fraudulent deed, the title is esteemed as remaining with the grantor, for the purpose of paying

his debts. So that a sale of the property under the execution would have passed a good title, quite as available as though the fraudulent deeds had not been executed. But in the state of the pleadings, Mrs. Millsaps could not make her answer a cross bill for the purposes of cancellation, because she could not make Mrs. Mary Shaw a party defendant, she not having been a party to the original bill; nor was it necessary that she should have been. Such also was the case with respect to Warren, trustee.

We think, however, that the Chancellor might have declared in his decree, that because the deeds under which Mrs. Mary Ann Shaw claimed the property were tainted with fraud, she had failed to establish her right to the property against Mrs. Millsaps, a creditor of Mary Shaw, have dissolved the injunction and dismissed the bill.

The pleadings were not in that condition as to parties which warranted decree as rendered. The necessary parties to warrant a decree of cancellation were not before the court, nor under the practice, could they have been made defendants to the cross bill.

So much of the decree as directs a cancellation of the deeds will be reversed, and in lieu thereof a decree may be rendered in this court dissolving the injunction, and allowing a sale under process in the probate decree. Appellants to recover costs in this court, but to be taxed with costs in chancery court.