J. H. WRIGHT v. GODFREY FRANK ET AL. AND THOMAS H. ALLEN v. JENNIE E. BRANDER ET AL.

1. CHANCERY PLEADING. *Amended bill.*

An amended bill is demurrable if it introduces a new case different from that stated in the original bill, and seeks relief based on a transaction which occurs after the original bill is filed.

2. CHANCERY PRACTICE. *Amendment.*

Failure to except to an order granting leave to amend the bill does not preclude the defendant from questioning the propriety of the amended bill by demurrer.

3. CROSS-BILL. *Effect of dismissing bill.*

If a cross-bill is filed against a person who was made a party to the litigation by an amended bill, dismissing the amended bill on demurrer disposes of the cross-bill as to him.

4. SAME. *New party.*

A person who is not a party to the suit cannot be brought into the litigation by means of a cross-bill.

5. SAME. *New case.*

A cross-bill is not maintainable if its effect is to introduce a subject of litigation involving a party not in the original suit.

6. SAME. *Legal demands.*

Purely legal demands not enforceable in a court of equity cannot be made the subject of a cross-bill. *Gilmer* v. *Felhour,* 45 Miss. 627, cited.

APPEALS from the Chancery Court of Bolivar County.

HON. W. G. PHELPS, Chancellor.

Godfrey Frank exhibited his bill against J. H. Wright and Jennie E. Brander on March 8, 1881, to enforce payment of certain notes given for land, May 13, 1873, by sale of the land on which they were an express lien by reservation in the deed of conveyance made by the complainant to the defendants. On January 23, 1882, J. H. Wright answered, averring payment of the notes in a manner stated by him. Leave was given November 17, 1882, to Godfrey Frank, to file an amended bill in thirty days.

The amended bill of Godfrey Frank, filed December 13, 1882, states the original bill, and by amendment adds that when the defendants, J. H. Wright and Jennie E. Brander, purchased the land of the complainant, they were owners in common of the Boykin place and the Goff place, the latter more valuable; and they bought of the complainant to add to the value of the Boykin place, which was resided on and farmed by Mrs. Brander, while the Goff place was thus used by Wright; that Mrs. Brander was married, and hence the complainant looked for payment to Wright, who repeatedly promised it, but never paid; that after the original bill was filed Wright applied to compromise, and promised partial payment for a continuance, which was granted, but he did not fulfill his agreement.

It is further stated, in the amended bill, that, after the original bill was filed, Mrs. Brander and Wright, on May 9, 1881, dissolved the planting partnership, he agreeing to assure her ·the Boykin place and personalty and to pay the complainant, Godfrey Frank; and the Goff place was to belong to Wright; that mutual conveyances were executed accordingly, and filed for record on May 21, 1881; that Wright continued to promise to settle with the complainant, only claiming some reduction, and that June 2, 1881, Wright conveyed the Goff place to Thomas H. Allen for ten thousand dollars.

The amended bill states and charges that this deed is fraudulent and void as to the complainant and intended to defraud him and Mrs. Brander; that the complainant cannot reach this land, if the deed is valid; that the agreement between Mrs. Brander and Wright for dissolution was on file when Allen bought; that Allen knew that Mrs. Brander had an interest in the Goff place, and that Wright had agreed to pay the complainant; that Mrs. Brander has a lien on the Goff place for the amount of the debt due the complainant, and he has a right to enforce it upon the Goff place.

The prayer of this amended bill, which made Thomas H. Allen a party, was for a cancellation of the deed to Allen, in so far as complainant's debt was concerned, a sale of the Goff place to pay the complainant's debt, and if any balance remained due, for a sale

of the land sold to J. H. Wright and Jennie E. Brander and described in the original bill.

Separate demurrers by Wright and Allen to the amended bill were filed May 12, 1883, and each of these assigned as causes that the matters set forth in the amended bill were not properly subjects for amendment; and that the amended bill made a new case and changed the frame and essential character of the original bill. These demurrers were overruled, and Wright and Allen separately appealed.

On March 26, 1883, Mrs. Brander filed her answer, which she made a cross-bill. The answer admits that the statements of the original bill and those of the amended bill are true. The cross-bill attacks the conveyance by Wright to Allen as fraudulent as to her, at least as to her lien on the Goff place for the payment of the debt due to Frank, and prays for discovery by Allen as to the matters between him and Wright, and for the payment of the debt due the complainant, Godfrey Frank, out of the Goff place.

J. H. Wright and Thomas H. Allen severally demurred to the cross-bill. Each demurrer assigned the grounds of want of equity on the face of the cross-bill and that the matters stated were not properly the subjects of a cross-bill, and Allen's demurrer assigned the additional cause that he was not properly a party to the suit and could not therefore be made a party to the cross-bill. Wright and Allen again severally appealed from orders overruling these demurrers.

*Nugent & McWillie* and *Charles Scott*, for the appellants.

The amended bill changed the frame and essential character of the original bill. *Clark* v. *Hull*, 31 Miss. 520; *Miazza* v. *Yerger*, 53 Miss. 135. It introduced a new party, who had no interest, and a new transaction which happened after the original bill was filed. Story Eq. Pl., §§ 885, 886 and notes. Amendments can only be granted where the bill is defective in parties, or in prayer for relief, or in the omission or mistake of a fact or circumstance connected with the substance, but not forming the substance itself nor repugnant thereto. *Lyon* v. *Tallmadge*, 1 John. Ch. 184; *Rodgers* v. *Rodgers*, 1 Paige 424; *Renwick* v. *Wilson*, 6 John. Ch. 81;

| Conclusion of the briefs. | Commencement of the opinion. |
| --- | --- |

*Belknap* v. *Stone*, 1 Allen 572; *Carey* v. *Smith*, 11 Ga. 539; *Larkins* v. *Biddle*, 21 Ala. 252. When the amended bill is dismissed, the cross-bill must follow. *Ladner* v. *Ogden*, 31 Miss. 332; *Thomason* v. *Neeley*, 50 Miss. 310; *Jacks* v. *Bridewell*, 51 Miss., 881; *Belcher* v. *Wilkerson*, 54 Miss. 677; *Clark* v. *Wilson*, 56 Miss. 753. The cross-bill presents as to Wright a purely legal demand, and no equity appears on its face.

*Calhoon & Green*, for the appellees.

No exception was taken to the order allowing the amendment, and consequently this action of the court cannot be assigned for error. *Tanner* v. *Hicks*, 4 S. & M. 294; *Truly* v. *Lane*, 7 S. & M. 325; *Pass* v. *McRea*, 36 Miss. 143. A demurrer is not the mode of reaching this question. Dan. Ch. Prac. 426, 427. The question of making a new case by amendment is practically one of costs. The rule against new matter in an amendment has been abolished. Dan. Ch. Prac. 407. Pending the suit a new security for the same debt by the same parties was raised up for the complainant. The amendment therefore did not make a new case. The cross-bill was proper. Each of the four demurrers was rightly overruled. All four of these decrees should be affirmed, and in each appeal an attorney's fee of fifty dollars should be charged against the appellants. Code 1880, § 1424. There is no merit in these demurrers. It is a hair-splitting theory on which they are founded.

CAMPBELL, C. J., delivered the opinion of the court.

The amended bill introduced a new and different case from that made by the original bill, and sought relief based on a transaction occurring after the original bill was filed. It was therefore not maintainable, and the demurrers of Allen and Wright severally should have been sustained. It is not true that the parties affected by leave to amend were precluded from objecting to the amended bill because they did not except to the order granting leave to amend, or that they could not question the propriety of the amended bill by demurrer. After leave to amend, it was allowable to the defendants to the amended bill to demur to it.

The dismissal of the amended bill, which would have resulted from sustaining the demurrers to it, would have disposed of the cross-bill of Mrs. Brander as to Mr. Allen, who could not be made a party to her cross-bill when he was not a party to the suit, and the demurrer of Mr. Allen to her cross-bill should have been sustained, as it was not allowable for her to proceed against him in this way, and because the effect of said cross-bill was to introduce a new subject of litigation not embraced in the original suit, as well as a new party who was not subject to be thus impleaded.

The demurrer of Wright to the cross-bill of Mrs. Brander should have been sustained, because said bill shows that the land on which it seeks to fasten a charge has been conveyed by Wright to Allen, who cannot be impleaded in this suit, and, except as a suit to charge the land, there is no matter of equity cognizance shown by said cross-bill, which is in the nature of an original bill as against Wright, and must to be maintainable, contain some matter of equity cognizance as to which she might bring and maintain an original bill. *Gilmer* v. *Felhour,* 45 Miss. 627. Stripped of the trust sought to be fastened on the Goff place, and which cannot be litigated in this case, because Allen is a necessary party to such litigation, and cannot be such in this case, the cross-bill presents nothing but a demand that Wright shall make good his promise to pay the debt to Frank, so as to free the land sold by him from his claim, and this is a purely legal demand not enforceable in a court of chancery.

The decrees overruling the four demurrers mentioned are reversed, the demurrers sustained, and both the amended and cross-bill are dismissed, and the cause remanded.

*Decree accordingly.*