## J. H. WRIGHT *v.* JENNIE E. BRANDER.

CHANCERY.  *Enforcement of vendors' lien.   Agreement between vendees.   Cross-bill to enforce same.*

W. and B., being joint owners of two plantations, known as the Boykin Place and the Goff Place, bought jointly a tract of land contiguous to the former place and which they added to it. F., the vendor, reserved a lien for the purchase-money, and upon their failure to pay he filed a bill to enforce his lien. After the commencement of the suit, W. and B. partitioned their lands, W. taking the Goff Place and B. taking the Boykin Place, mutual deeds of conveyance being executed accordingly. W., by agreement in writing, assumed the debt due F., but failed to fulfill his agreement; and B., in answer to the original bill, made her answer a cross-bill against W., in which she sought to compel him to pay the debt due F., by subjecting the Goff Place to sale therefor. W. demurred to the cross-bill for want of equity and as being an improper pleading in the suit. *Held,* that the

cross-bill is a proper pleading in this suit, and, the facts therein being conceded, W. may be compelled, as between himself and B., to pay whatever amount may be found due F.

APPEAL from the Chancery Court of Bolivar County.

HON. W. G. PHELPS, Chancellor.

In May, 1873, J. H. Wright and Jennie E. Brander, being the joint owners of two plantations known as the Boykin Place and the Goff Place, bought of Godfrey Frank another tract of land, which, being contiguous to the former place, was added to it. On the 8th of March, 1881, Frank filed a bill against Wright and Mrs. Brander to enforce his vendor's lien upon the land bought of him by Wright and Mrs. Brander, for the payment of their promissory notes for the purchase-money. On the 13th of December, 1882, the complainant filed an amended bill alleging that on May 8, 1881, Wright and Mrs. Brander had a partition of their lands, he taking the Goff Place and she the Boykin Place, including the land purchased of the complainant, mutual conveyances being executed accordingly; that Wright agreed in writing to assume the debt due complainant; that Thomas H. Allen, being aware of this agreement, on June 2, 1881, accepted a conveyance of the Goff Place from Wright, who made the same with intent to defraud complainant and Mrs. Brander; that Mrs. Brander has a lien on the Goff Place for the amount of the debt due the complainant, and he has the right to enforce it. The amended bill made Allen a party defendant and prayed for a sale of the Goff Place to pay complainant's debt. On the 26th of March, 1883, Mrs. Brander filed her answer, which she made a cross-bill against Wright and Allen, the object of which was to compel payment of the debt to Frank out of the Goff Place. The cross-bill contained substantially the same allegations as the amended bill. Wright and Allen severally demurred to the complainant's amended bill and also to the cross-bill filed by Mrs. Brander. Upon appeal to this court the four demurrers were sustained and the amended bill and cross-bill were both dismissed. See *Wright* v. *Frank*, 61 Miss. 32. The demurrers to the amended bill were sustained on the ground that it introduced a new case different from that stated in the original bill, and sought relief based

on a transaction which occurred after the filing of the original bill. Allen's demurrer to the cross-bill was sustained on the ground that after a dismissal of the amended bill resulting from sustaining the demurrers thereto, he was not a party to the suit and could not be made a party by cross-bill, and also because the cross-bill introduced a subject of litigation not embraced in the original suit. Wright's demurrer to the cross-bill was sustained on the ground, among others, that the land sought to be reached by the cross-bill had been conveyed by Wright to Allen, and the latter cannot be impleaded in this suit.

On the 10th of December, 1883, Mrs. Brander, by leave of the court, filed her answer to the original bill in this cause and made the same a cross-bill against her co-defendant, Wright. In this cross-bill she sets forth the facts in connection with Wright's agreement to assume and pay off the debt due Frank, the mutual conveyances which passed between them, and his failure to fulfill his agreement. She claims that she has a lien on the Goff Place for the amount due the complainant, Frank, and she prays for a decree subjecting that place to sale for payment of the debt due the complainant in the original bill. Wright demurred to this cross-bill on three grounds : (1) Because *res adjudicata ;* (2) because based upon transactions occurring after the filing of the original bill; and (3) because being without equity. The demurrer was overruled and the defendant, Wright, took the present appeal to this court.

*Nugent & McWillie,* for the appellant, filed a brief, which was lost after the decision of the case.

*Frank Johnston & J. R. Yerger,* for the appellee.

The cross-bill of Mrs. Brander charges, substantially, her co-defendant with having in possession trust property conveyed by her to him for the express purpose, among other things, of paying this debt to Frank or being held as a security for the same. It is a legitimate cross-bill. It is a cross-bill to which Wright cannot demur. Frank is made no party to it. Wright has no ground of complaint. *If he holds the trust property, the indemnity of Mrs. Brander against the Frank debt,* it is his duty to bring it forward and place it under the jurisdiction of the court, so as to be ready for sale

or as an indemnity in the event Mrs. Brander has the Frank debt to pay by the sale of her lands primarily bound for the same. In any event this cross-bill will be treated as an auxiliary bill, its object being that in the event Frank establishes his lien that it may be decreed to be a lien—a charge—upon the Goff land for the protection of Mrs. Brander. It is not therefore demurrable in this aspect of the case by Wright.

See as to nature of the defense by cross-bill, Story's Eq. Plead., § 893.

In this case no court of equity will compel Mrs. Brander to wait until the land is sold by Frank before bringing her suit. They will permit her to bring it *pari passu* with the suit of Frank and as cross relief against her co-defendants.

CAMPBELL, C. J., delivered the opinion of the court.

The question here presented is very different from that decided in *Wright* v. *Frank*, 61 Miss. 32, and no reason is perceived why the cross-bill of the appellee is not maintainable. None of the difficulties which existed to prevent the maintenance of the cross-bill in the case cited are found in this, and the cross-bill contains matter of equity cognizance as to which an original bill might be maintained. It avers that the " Goff" plantation was conveyed to the appellant by the complainant in the cross-bill on his assuming to pay the debt due Frank, complainant in the original bill, for the land conveyed to complainant in the cross-bill in the partition between her and the defendant, Wright. It does not appear that the Goff Place has been disposed of by Wright, and on the case made by the cross-bill Wright should, as between him and the appellee, be decreed to pay what may be found to be due to Frank.

*Decree affirmed.*