DISTRICT GRAND LODGE OF THE GRAND UNITED ORDER OF ODD FELLOWS IN AMERICA *v.* STEPHNEY E. LEONARD ET AL.

[46 South., 532.]

1. EQUITY PLEADING AND PRACTICE. *Cross-bill. New Parties.*

In the absence of statutory warrant therefor new parties cannot be brought into an equity suit by a cross-bill.

2. SAME. *Code* 1906, § 587. *Must not bring in distinct matters.*

A cross-bill, not confined to the matters involved in the original suit, but introducing other distinct matters, not material in making defence to the original bill, is demurrable under Code 1906, § 587, regulating the subject.

FROM the chancery court of Warren county.

HON. J. S. HICKS, Chancellor.

The District Grand Lodge of the Grand United Order of Odd Fellows in America, appellant, was complainant in the court below; Leonard and others, appellees, were defendants there. From a decree overruling its demurrer to defendants' cross-bill the complainant appealed to the supreme court.

The appellant filed a bill in chancery, alleging that under the constitution of the Grand United Order of Odd Fellows in America certain powers are vested in the District Grand Lodge, and certain of its officers constitute an executive committee,

and one of the duties of the executive committee is to fix a time
and place for the convention of the District Grand Lodge, and
it is the duty of the District Grand Master, who is the chief
officer of the District Grand Lodge, to see to the execution of all
lawful orders and regulations; that said executive committee
met and determined that the (then) next annual convention
should be held at Mt. Heroden Baptist church, in Vicksburg,
Miss.; that appellees, individual members of the subordinate
lodges located in the city of Vicksburg, disregarding such order,
had defiantly attempted to control the meeting of the convention
and have it held at Bethel church, in the city of Vicksburg, and
in pursuance of their purpose had issued programs and published
a notice to this effect in a newspaper, and, by giving out such
information to the members of the lodges in attendance as dele-
gates, had exceeded the authority vested in them and defied the
rules of the order; their purpose being to organize an opposi-
tion meeting at Bethel church, and thus gain control of the
lodge and of the funds coming into the hands of its officers.
The bill charged that confusion would thereby arise in the col-
lection of dues for death benefits and in the issuance of insur-
ance policies. The prayer of the bill was for an injunction to
restrain appellees from holding an unauthorized meeting and
from soliciting delegates to the Grand Lodge to attend it. A
preliminary injunction was obtained. Appellees answered, de-
nying that any special building in the city of Vicksburg had been
designated as the meeting place for the Grand Lodge, and claim-
ing that they had the right to endeavor to induce members to
meet in Bethel church, and that, the Grand Master being absent
from the state at the time, the Deputy Grand Master, the next
ranking officer, had acquiesced in their plans. They attempted
to make their answer a cross-bill by charging that the District
Grand Master and Grand Secretary and Treasurer had abused
certain official powers and defrauded the members of the orga-
nization of funds belonging to the order. To the cross-bill a.

demurrer was filed by the District Grand Lodge on the ground that it set up new matter and sought to bring in new parties to the suit and that appellees were not entitled to the relief prayed. The District Grand Master and Grand Secretary and Treasurer,. the new parties, filed demurrers to the cross-bill upon similar grounds. The court below sustained their demurrer and dismissed the cross-bill as to them, but overruled the demurrer of the District Grand Lodge.

*Catchings & Catchings, J. D. Thames* and *W. E. Mollison,* for appellant.

By the very terms of Mississippi Code 1906, § 587, a defendant may only introduce new matter in his crossbill which is material to his defense. He cannot introduce new matter which is not germane to the original bill. He is limited to such new matter as would enable him to present and enforce his side of the controversy, and this is the rule, aside from the regulation of the matter by statute.

"A crossbill *ex vi terminorum* implies a bill brought by a defendant against the plaintiff in the same suit, or against other defendants in the same suit, or against both, touching the matters in question in the original bill." Daniels Chancery Practice, 1742; *Gilmer* v. *Felhour,* 45 Miss., 630; Story Eq. Pl., 375; *Cross* v. *LeValle,* 1 Wall., 14. The objects of a cross-bill are stated by Shipman, Eq. Pl., 304, to be the following:

"(a) To obtain a discovery of facts necessary to a proper determination of the suit;

(b) To obtain full relief for all parties;

(c) To bring before the court new matter in aid of the defense to the original bill;

(d) To obtain some affirmative relief touching the matters in the original bill."

The same doctrine is announced in 5 Ency. Pl. & Pr., 640, 641. *Andrews* v. *Kibbee,* 12 Mich., 94; *Farmers' & Merchants'*

*Bank* v. *Bronson,* 14 Mich., 361; *Goff* v. *Kelly,* 74 Fed., 330; *Hogg* v. *Hoag,* 107 Fed., 814; *Gilmore* v. *Bort,* 134 Fed., 661; *Ayers* v. *Chicago,* 101 U. S., 187.

*Hudson & Fox,* for appellees.

We are not going to quarrel over the decisions or the text writer's definition to the effect that a cross-bill must be responsive and germane or grow out of the matters contained in the original bill. This does not mean a denial of the allegations contained in the bill altogether, but it means matters necessarily growing out of the allegation. One of the cardinal virtues of equity jurisprudence is its right to prevent a multiplicity of suits and determine all controversies by one suit where it can be practically done. In this suit the chancellor has sustained a demurrer as to the Grand Master and Grand Secretary, Jones and McKissack, individually, and dismissed the cross-bill as to them. We commend the chancellor in following the Mississippi adjudications on this subject, and in obeying the mandates of the supreme court, whether he thinks so to do right or wrong.

MAYES, J., delivered the opinion of the court.

Under Code 1906, § 587, the demurrer to the cross-bill should have been sustained as to all the defendants thereto. The so-called cross-bill is in fact an original bill, and introduces no new matter material in defending the case made by the original bill filed in the cause.

The decree overruling the demurrer of the District Grand Lodge is reversed, demurrer sustained, cross-bill dismissed, and cause remanded.

*Reversed.*