## HOOKS *v.* BURNS.

(Division B. Jan. 22, 1934. Suggestion of Error Overruled Feb. 5, 1934.)

[152 So. 469. No. 31009.]

T. N. Gore, of Marks, for appellant.

P. H. Lowrey, of Marks, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee filed her bill on the equity side of the county court of Quitman county against appellant and the Citizens' Bank & Trust Company of Marks to recover the sum of one hundred seventy-six dollars deposited by appellant with the bank, being the proceeds of the sale of cotton produced by him on land of appellee on which appellee had a landlord's lien for rent. There was a trial on bill, answer, and proofs, resulting in a decree in favor of appellee. On appeal by appellant to the circuit court, the decree of the county court was affirmed. From that decree appellant prosecutes this appeal.

Appellee set up in her bill, in substance, that she owned certain sixty acres of land in Quitman county which she leased for the year 1932 to Q. O. Steadman. The bill fails to set out the amount of rent Steadman was to pay for the land; the amount opposite the dollar mark being left blank. The bill charges that Steadman subrented part of the land for the same year to appellant, for which appellant agreed to pay him one hundred seventy-six dollars; that appellant produced crops on the land, including cotton, and out of the proceeds of the sale of the cotton, he deposited the sum of one hundred seventy-six dollars to his own credit in the Citizens' Bank & Trust Company of Marks; that Steadman paid all the rent he agreed to pay appellee, except the sum of one hundred seventy-six dollars, the exact amount appellant had on deposit in the bank; that appellee was entitled to subject the one hundred seventy-six dollars in the bank to the payment of the balance due her by Steadman for rent, for the reason that she had a landlord's lien for Steadman's rent on the crops produced by appellant, of which the one hundred seventy-six dollars was a part of the proceeds.

Appellant answered the bill and made his answer a cross-bill seeking to make new parties. He set up in his answer that one Peter Curry worked part of these sixty acres of land leased by Steadman from appellee, and that Steadman worked part of it and both of them produced crops thereon, and that the value of such crops was more than sufficient to pay the rent Steadman agreed to pay appellee for the sixty acres of land; that one T. M. Garrott had purchased all the cotton produced on the land by Steadman and Curry. Appellant averred in his cross-bill that he objected to the one hundred seventy-six dollars he had placed in the bank being subjected to the payment of the balance of the rent due by Steadman to appellee, for the reason that Steadman owed him a larger amount than that sum, which amount he proposed to offset against the one hundred seventy-six dollars to that extent. In his cross-bill appellant prayed that Steadman, Curry, and Garrott be made parties to the cause as cross-defendants, and that appellee's remedy for her rent be first exhausted against Steadman, Curry, and Garrott before resorting to the one hundred seventy-six dollars which he had on deposit in the bank.

Appellee demurred to the answer and cross-bill. The demurrer was sustained, and properly so, upon the ground that new parties cannot be introduced into a cause by a cross-bill. Griffith's Chancery Practice, sec. 382; Ladner v. Ogden, 31 Miss. 332; Bishop v. Miller, 48 Miss. 369; Shaw v. Millsaps, 50 Miss. 380; Wright v. Frank, 61 Miss. 32; District Grand Lodge v. Leonard, 92 Miss. 777, 46 So. 532; Lemmon v. Dunn, 61 Miss. 210.

Appellant thereupon filed an answer to appellee's bill, admitting, in substance, the facts therein alleged, but not the conclusions of law. He further set up in his answer, as he had in his cross-bill, that his landlord, Steadman, owed him more than the one hundred seventy-six dollars, which latter amount he had the right to credit on what Steadman owed him, for the reason that Steadman and

Curry had produced more than enough crops on the leased land cultivated by them to pay the entire rent due by Steadman to appellee, that the cotton produced by them had been sold to T. M. Garrott, and that under the law it was the duty of appellee to exhaust her remedy for the balance due her by Steadman by proceeding against him and Curry and Garrott.

After the demurrer was sustained to the answer and cross-bill, appellant moved the court, by reason of the matters set up in his answer and cross-bill, to require the complainant to so amend her bill as to make Curry, Garrott, and Steadman parties to the cause, because they were necessary parties, in order to determine the rights and equities of all concerned. This motion was overruled by the court.

In its decree, the court awarded a recovery in favor of appellee against appellant and the Citizens' Bank & Trust Company of the one hundred seventy-six dollars. The evidence, although more or less indefinite as to the amount of crops produced on the land by Steadman and Curry and the value of such crops purchased by Garrott, tended to show that they were of sufficient value to pay the balance of the rent due by Steadman to appellee.

The question in the case is whether or not the court erred in refusing to require appellee to so amend her bill as to make Steadman, Curry, and Garrott parties to the cause, and that question turns upon whether or not they were necessary parties. A court of equity will not proceed with a cause if the complainant has failed to bring in necessary parties. Griffith's Chancery Practice, sec. 109. Necessary parties include all persons who have such a substantial interest in the cause as that no "complete, practicable and executable final decree can be made without directly affecting their interest, or else leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience." Griffith's Chancery Practice, sec. 102.

If appellee had proceeded at law instead of in equity, under the authority of Applewhite v. Nelms, 71 Miss. 482, 14 So. 443, appellant would have had the right to resort to a court of equity making appellee, Steadman, Curry, and Garrott parties, and enjoining the action at law, and compelling appellee to exhaust her remedy against Steadman and Garrott to the extent of the value of the crops produced by Steadman and purchased by Garrott, and adjust the equities between appellant and Curry if the latter was also a subtenant of Steadman.

Section 2186, Code of 1930, gives the lessor of land a lien on all the agricultural products of the leased premises, however and by whomsoever produced, to secure the payment of rent, money, and supplies advanced the tenant. This section is a rescript of section 2495, Ann. Code of 1892, which was under consideration and construed in the Applewhite case. It was held in that case that, since the lien extended to all agricultural products of the leased premises, by whomsoever produced, a subtenant, by reason of the liability of his crop, and to the extent thereof, occupied the relation of a surety for the rent due by the tenant, and had the right, therefore, in a court of equity, to compel the landlord to first resort to the estate of the tenant and preserve whatever securities he had from the tenant, in order that the subtenant, whose crop was taken, might be subrogated thereto, and that where one who, without the landlord's consent, had purchased from the tenant crops subject to lien for rent, a subtenant whose crops had been seized by the landlord under such lien might in equity compel such a one first to enforce the liability of the purchaser for the value of the crop so purchased.

Appellee, instead of proceeding at law, proceeded in a court of equity. By doing so, she invoked equitable principles. The principles laid down in the Applewhite case apply in this case.

Appellee contends, however, that, as a condition prec-

edent to making new parties, appellant should have offered to indemnify her by agreeing to pay whatever her principal, Steadman, had failed to pay on the rent due by him, citing 50 C. J., p. 232; 27 Am. & Eng. Enc. of Law, p. 463; 21 R. C. L., p. 1128. We think appellant fully complied with that requirement in his answer. His answer plainly meant, although not stated in so many words, that, if he was not entitled to drive appellee off of the proceeds of his crops onto the crops produced by Steadman and Curry, he was willing for her to have a decree for the one hundred seventy-six dollars in the bank, which was the balance of the rent due appellee by Steadman. This was the only indemnity required of appellant.

Appellee contends further that appellant's answer and his evidence were too indefinite as to the crops produced by Steadman and Curry and sold to Garrott and too indefinite as to how much Steadman was indebted to appellant. We think the allegations of the answer were sufficient in the absence of a motion by appellee to make them more specific. The result is, we are of opinion the motion for new parties should have been sustained.

Reversed and remanded.

### On Suggestion of Error.

Under the statute Mrs. Burns had a lien for the rent her tenant Steadman agreed to pay her on all the agricultural products of the leased premises by whomsoever produced. That means, of course, that she had a lien on all the agricultural products produced on the leased premises by Steadman, her tenant, and also on all the agricultural products produced thereon by Steadman's subtenants, Hooks and Curry. Applying the principles laid down in the Applewhite Case, 71 Miss. 482, 14 So. 443, by reason of the liability of their crops to the lien, and to the extent of such liability, the subtenants, Hooks and Curry, occupied the relation of sureties for the rent

due by Steadman to Mrs. Burns; and in equity had the right to compel Mrs. Burns to resort first to the crops produced by Steadman, the principal, and preserve whatever securities she had from Steadman for the benefit of the subtenants. All persons purchasing the crops, or any part thereof, produced on the leased premises either from the main tenant or the subtenants, are affected with notice, under the statute, of those rights and obligations existing between the landlord, the main tenant, and the subtenants, and they purchase the crops subject thereto.

In a court of equity Hooks stands exactly as if he had paid the rent he was due Steadman. He had agreed to pay Steadman one hundred seventy-six dollars for that part of the land he cultivated. He set up in his answer that Steadman owed him more than that amount; therefore, he claimed and sought the right to offset what he was due Steadman against a like amount of the indebtedness Steadman was due him. It is true the facts are not very well pleaded by appellant, Hooks, in his answer, nor is the evidence in the record satisfactory in every respect; nevertheless, we think there is sufficient merit in the appeal to require the case to go back. Probably on another trial those defects will be remedied. It may be that Steadman, on account of his insolvency, and Curry, also, are not necessary parties; nevertheless, they would be proper parties. We did not intend to be understood as holding Curry's rights and equities subordinate to those of appellant. Under the same facts and circumstances they would be exactly the same, because they were both subtenants.

Suggestion of error overruled.