HOOKS *v.* BURNS.

(Division B. April 22, 1935.)

[160 So. 910. No. 31640.]

**T. N. Gore,** of Marks, for appellant.

**P. H. Lowrey,** of Marks, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

This is the second appearance of this case in this court. On a former appeal the case was reversed and remanded for the purpose of having other parties brought in. See Hooks v. Burns, 168 Miss. 723, 152 So. 469.

The appellant, J. M. Hooks, rented some land for the year 1932 from Q. O. Stedman, who had rented it from the appellee, Mrs. Sadie Burns, for two hundred thirty-four dollars. Appellant contracted for approximately one-half of this land for one hundred seventy-six dollars, and worked the part rented by him, and the balance was worked by a share cropper of Q. O. Stedman named Peter Curry.

The appellant, Hooks, sold the cotton grown by him, the proceeds amounting to three hundred eleven dollars, and deposited one hundred seventy-six dollars in the Citizens' Bank & Trust Company for the payment of the rent, apprehending that there might be trouble about the rent. Mrs. Burns, appellee, brought suit against Hooks and the bank to subject this one hundred seventy-six dollars to her demand for rent; Stedman having paid her only a portion thereof. Q. O. Stedman and appellee, Mrs. Burns, in order to secure a loan from the Agricultural

Adjustment Administration for furnishing Curry, had waived their lien on Curry's crop in the amount of sixty-nine dollars, which loan Curry obtained and which was paid out of the crops grown on the leased premises. Stedman turned over to Curry in the settlement between them fifty dollars in cash.

On the remand of this case on the former appeal for the purpose of making Curry and others parties, Curry could not be found and could not be brought into court because he had moved from this state and his whereabouts were unknown. Hooks set up that Mrs. Burns, appellee, had waived her rights by a course of dealing with Stedman, which permitted him to sell his crop and to pay the rent from the proceeds, rather than having the produce subject to a lien.

The relation of Hooks, appellant, and Curry to Mrs. Burns, appellee, was as surety for Stedman under the statute, and each was subject to a ratable portion of the default, and liable for the rent to the extent of their crops, should it not otherwise be paid, having the right to recover over against the lessee, Stedman.

On the trial of this remanded case, the court held Hooks liable for one hundred seventy-six dollars, which was the amount he owed Stedman for the rent, and which he had not paid other than by crediting Stedman for said sum; and held Stedman primarily liable, and if Hooks paid him the rent, he would be subrogated to Mrs. Burns' rights, and also held that Mrs. Burns had not waived her rights against Hooks, and decreed that, if the money could not be made out of Stedman, the bank should pay the one hundred seventy-six dollars over to Mrs. Burns.

As stated above, there was no service of summons on Curry, nor did Hooks prove that Curry or Stedman sold the cotton to any person brought into court. One T. M. Garrott was brought in, but Hooks could not establish that he had bought any cotton from Stedman or Curry. The contention of Hooks that Mrs. Burns had waived

her right by a course of dealing so as to permit Stedman to sell his crops is not available here to Hooks, for the reason that no demand against Hooks is asserted against him beyond what he was to pay for the rent of the land worked by him. He was due to pay this rent, and had not done so, other than by giving a credit to Stedman. This was not permissible under the facts here involved. Hooks is placed in no worse condition by the facts here brought out than he would be if he had never credited the sum to the account of Stedman.

We are of the opinion that the court reached the correct conclusion, and the judgment is affirmed.

Affirmed.