JOSEPH H. LAMBERT, *in Eq.*, *versus* JOHN L. LAMBERT.

In a bill in equity to redeem a mortgage, an assignment by the complainant, after answer filed, of all his interest in the premises mortgaged, can be made available to the respondent by a cross bill.

Such an assignment, thus brought to the knowledge of the Court, constitutes a valid defence to the original bill.

Want of equity is no defence to a cross bill brought forward by way of defence.

The complainant in the original bill, should answer rather than demur to the cross bill.

BILL IN EQUITY.

The case was heard on demurrer to the cross bill. The complainant, as mortgager, brought a bill in equity against the respondent, as assignee of the mortgage, to redeem it. The respondent appeared, and filed his answer, and upon the hearing a master was appointed, who subsequently made a partial report.

After the answer was filed, the complainant assigned all his interest in the mortgaged premises to his solicitor. Thereupon the respondent filed a cross bill setting forth the facts of said assignment, praying that the complainant make answer, and that he be enjoined from the further prosecution of the original bill. To the cross bill, the complainant demurred, alleging a want of equity.

*F. O. J. Smith*, for the complainant.

*Fessenden & Butler*, for the respondent.

The opinion of the Court was drawn by

WALTON, J. — It sometimes happens that a defendant in equity suits has matter of defence which can be made available only by a cross bill. Matter of defence arising *after* the cause is at issue, and which, in suits at law, would furnish matter for a plea *puis darrein continuance*, can be made available in this way only. The cross bill in this case is of this description. It sets up a ground of defence happening

*after* the former pleadings were filed; namely, an assignment by the plaintiff of all his interest in the subject matter of the suit. Such an assignment, although brought to the knowledge of the Court by a cross bill, is a valid defence to the original bill. Instead of answering this bill as he ought, the plaintiff demurs, assigning for cause of demurrer *want of equity.* But want of equity is no defence to a cross bill *brought forward by way of defence.* (Story's Equity Pleadings, § 628.) The demurrer, therefore, should be overruled. But, in equity, the overruling of a demurrer is never followed by a decree making a final disposition of the case; the order is that the party demurring answer further. The entry in this case should be : —

> "*Demurrer to cross bill overruled —*
> *further answer required.*"

APPLETON, C. J., CUTTING, DAVIS and BARROWS, JJ., concurred.