CLARK V. THE CITY OF DES MOINES: CLARK V. THE COUNTY OF POLK.

1. **Practice:** LEAVE TO WITHDRAW WARRANTS ISSUED. In actions pending on county and city warrants the plaintiff offered to withdraw certain counts in his petitions; the defendant then filed an answer and cross-bill alleging that the warrants described in said counts were invalid; that they were then in the hands of the clerk, having been deposited with him on former trials; that the plaintiff proposed to withdraw them and put them in circulation, praying that the clerk be made a party to the suit, and that they be canceled; after which the plaintiff moved that the clerk be directed to deliver the warrants to him: *Held*, that the motion was properly overruled.

*Appeals from Polk District Court.*

MONDAY, JUNE 13.

THESE cases were before us at the last term, and were then reversed and remanded as to certain parts of plaintiff's claims. On the filing of the *procedendo*, plaintiff in writing offered, in each case, to withdraw from his petition all counts or parts thereof which asked a recovery for the claims referred to in the order of reversal, and to dismiss his action in relation thereto. On the next day defendants filed, by leave of court, an amended answer, setting up that the warrants declared on in said counts, and each of them, were issued without authority and were void; that they are in the hands of the clerk of said court (being there deposited at the former trials); that plaintiff was about to withdraw and put them in circulation; and praying that by the proper order and decree of the court, the said clerk be required to hold said warrants, and that they be canceled and for other proper relief. A motion was also filed by defendants to transfer the cause to the equity docket, and that the clerk be made a party. After this plaintiff moved that the clerk be required to deliver to

him said warrants. This motion was overruled, and from this ruling plaintiff appeals.

*Phillips & Phillips* for the appellant.

I. The several warrants sued upon are. the property of the plaintiff until they are placed in judgment. They are now in the custody of the court below. No court has authority to keep a party out of his own property, or to deprive him of the possession or control of the same during litigation. The plaintiff had a right to dismiss his action at any time before final submission to the court or jury, and to control absolutely his action and contracts upon which it was based. Rev., § 3127.

II. At the time of the filing of the dismissal of these actions there was no set-off, counterclaim or cross demands filed, and the dismissal by plaintiff of his cause of action took with it the answer in each case and left nothing remaining to be amended. Rev., § 3129.

III. In both of the cases under consideration, the defendants (without leave) filed amended answers (*but* they have never filed any cross-bill); upon these amended answers they ask to have the court keep the custody of the warrants sued upon, and that, too, without the semblance of right or authority, because: 1st. The amendments were filed after the whole case was out of court; 2d. Upon these answers the defendants could only be entitled to judgment for costs which they were entitled to on dismissal; 3d. If the same matters were alleged in a cross-bill, they would not give the court the right to detain from plaintiff the possession of his property, whatever might be its decree. It is well settled by this court that in an answer defendant can only ask to be dismissed with his costs, and can have no affirmative relief. *Compton* v. *Comer,* 4 Iowa, 581; *Arm-*

*strong* v. *Pearson*, 5 Id., 323; *McGregor* v. *McGregor*, 9 Id., 77; *Holladay* v. *Johnston et al.*, 12 Id., 567.

IV. But if defendants in these cases had filed their answers before dismissal and accompanied them in each case with a cross-bill duly verified, yet the court below could not determine the truth of any allegation alleged until final hearing, nor withhold from him the use and control of his own property, and thus place out of his power the very proof of their genuineness, and lodge the same with defendant.

If all the facts set up in the answers were true, and were recited in a cross-bill, yet it would not entitle the court to withhold these warrants from plaintiff. Nor need any court resort to such use of power in order to give to any party in equity the full advantage of the ultimate relief sought. The very pendency of such cross-bill (if any such was filed) would be a complete *lis pendens*, and conclude every purchaser of these warrants by the decree rendered thereon. 2 Kent, 104, 105; Story Eq. Jur., § 405; *Murray* v. *Balloa*, 1 Johns., 566; *Ferren* v. *Buzick*, 6 Iowa, 258, and cases there cited.

*Polk & Hubbell* for the appellee.

Plaintiff's motion was properly refused by the court below.

I. It was a motion for an order on the clerk of the court below, and no notice thereof was served on him, nor was any appearance made by him. *Jensen* v. *Woodbury*, 16 Iowa, 515.

II. The bill of exceptions does not show upon what evidence the court heard the motion. The court will presume that there was sufficient to warrant the finding of the court below. *Napier* v. *Wiseman*, 3 G. Greene, 246.

Clark v. The City of Des Moines.

III. A suit had been commenced against Clark & Griffith to cancel the warrants, and no order should be made for their delivery until this action was determined.

IV. No notices of appeal have been served in this cause on the clerk of the District Court, and he is not before this court, and no steps should be taken herein to prejudice him.

WRIGHT, J. — We have no hesitation in holding that plaintiff has no ground for claiming a reversal of the ruling below. Defendants (how formally we need not inquire, for no question is made as to the sufficiency of the answer asking affirmative relief), had filed their petition, asking the interposition of the chancellor to prevent the further circulation, or opportunity to put in circulation, these warrants which were in the possession of the court, and which they allege are absolutely void. Until this question was determined, we think it was entirely competent for the court to order and direct that the property should be so kept as that the rights and interests of the city or county should not be prejudiced.

1. PRAC-
TICE: leave
to withdraw
warrants
refused.

In other words, it stands, so far as the question here made is concerned, as though the city or county had obtained an injunction against the plaintiff restraining the circulation of these warrants after they had passed into his hands.

Before they are delivered to him, this equitable answer or defense is filed, alleging that they are of no validity, and that plaintiff desires and is seeking their possession, that he may put them in circulation. The court clearly had the right to prevent this, and the dismissal of his action by plaintiff could not prevent the exercise of this right or power. The court could have ordered, in the case of a bill filed to cancel these warrants, that they should be placed in the hands of the officers of the court pending the litigation.

And being there already, there was no error; no abuse of the power of the court in refusing to order them to be delivered up.

Of course we determine nothing as to the truth of the matter stated in the equitable answer; nor anything more than that, under the circumstances, the chancellor did not err in overruling plaintiff's motion. Whether, if plaintiff shall finally dismiss his action as to these counts, defendants may not be driven to file an independent bill, is also a question not now before us.

Affirmed.