Beal *v.* Smithpeter.

BEAL *v.* SMITHPETER.

1. SUMMARY PROCEEDINGS. *Sheriff's return. When conclusive.* Where an execution was returned endorsed through mistake fully paid, where in fact a part only had been received, to exonerate the sheriff from liability a sufficient reason for failure to collect the balance must be shown by leave of court to amend and correct the return before entry of the motion for judgment against him, otherwise it is conclusive upon him.

　Case cited: Mullins *v.* Johnson, 3 Hum., 396; Hill *v.* Hinton, 2 Head, 124.

2. SAME. *Same. Substitution.* Where the officer's liability in such a case has been fixed by a court of competent jurisdiction, to entitle him to substitution to the rights of the execution creditor under the execution, he must first show that the judgment has been satisfied.

3. CHANCERY PLEADING. *Cross-bill. Set-off.* A legal demand having no connection with the equities set up by a bill can not be made the subject of a cross-bill. Nor can one defendant set-off against the claim of a co-defendant, properly presented by the pleadings, a demand upon him in a representative character.

　Cases cited: Harwell *v.* Wosham, 2 Hum., 524; Smith *v.* Alexander, 4 Sneed, 482.

FROM HAWKINS.

Appeal from the Chancery Court. S. J. W. LUCKY, Chancellor.

NETHERLANDS, SHIELDS & FULKERSON for complainant.

FULSOM & BARTON for defendant.

McFARLAND, J., delivered the opinion of the court.

About the 7th of March, 1860, Beal, as the sheriff

of Hawkins county, had an *alias* execution in his hands from the Circuit Court of Johnson county upon a judgment in favor of Smithpeter against W. C. Kyle and A. J. Mountcastle.

He returned this execution with the endorsement that he had received the amount due upon it in full, but paid over upon it only the sum of $905.

On the 10th of July, 1861, Smithpeter obtained judgment against Beal and his sureties by motion in the Circuit Court of Johnson county, for the sum of $271.79½, the amount that Beal had failed to pay over on the execution.

Beal was duly notified of this motion, but made no defense.

On the 29th of January, 1869, he filed this bill to be relieved from the judgment.

He says his return upon the execution that it was paid in full, if he so made it, was a mistake; that in fact he only received the $905. That the balance was not in fact paid to him by Kyle, but Kyle claimed an off-set against Smithpeter equal to this balance; that he was in bed sick at the time he made his return, and his endorsement, that it was paid in full, was a mistake; that he did not defend the motion because he was unable to show the mistake and make an available defense at law.

Kyle files a cross-bill in which he admits the statement of facts made by complainant, and says, that in fact only obout $905 was paid by him to Beal, and sets up a claim against Smithpeter, of $100 to meet the balance of the execution.

Under the order of the Chancellor Smithpeter answered the bill of Beal, and demurred to the cross-bill of Kyle.

We think it very clear that the complainant is entitled to no relief against Smithpeter. His return, that he had collected the money, was conclusive upon him unless he had obtained leave and amended and corrected his return before the entry of the motion for judgment against him. After the motion was entered he could not correct his return so as to avoid liability. See *Mullins* v. *Johnson*, 3 Hum., 396; 2 Head, 124. And second, from anything shown by the complainants in this record, no amendment of his return was proposed that could have prevented the judgment by motion. Nor does the complainant now aver any facts upon which such amendment could have been made. Had the return been amended so as to show that only $905 was collected, still there would have been no sufficient reason shown why the balance was not made, and he would still have been liable to the judgment.

The demurrer of Smithpeter to the cross-bill of Kyle was properly sustained upon several grounds.

1. The claim which he sets up against Smithpeter is a legal demand, and has no connection with the equities or supposed equities set up by Beal so as to make it the subject of a cross-bill.

2. The claim according to the answer and cross-bill of Kyle was against Smithpeter as executor or administrator of the estate of Michael Smithpeter, deceased, and not against him individually, and is not germain to the original bill.

Beal *v.* Smithpeter.

The decree dismissing both bills as to the defendant Smithpeter, and rendering a decree in his favor against the complainant and his securities in the injunction bond for the amount of the judgment and interest, is correct and will be affirmed with costs.

But the complainant in the original bill makes Kyle and Mountcastle parties, and prays that if necessary he have judgment against them for the balance on said execution against them by way of substituting him to the rights of Smithpeter under said execution.

The complainant is not entitled to this relief because he has not paid the judgment. To entitle him to this relief two things are necessary:

1. That the officer's liability for the default shall have been fixed by the judgments of a court of competent jurisdiction, and second, that such judgment should have been satisfied. *Harwell* v. *Wosham*, 2 Hum., 524; *Smith* v. *Alexander*, 4 Sneed, 482.

The decree will be affirmed.