### LAUTZ and others *v.* GORDON.

*(Circuit Court, N. D. New York   July 28, 1886.)*

EQUITY—PLEADING—CROSS-BILLS.

> A cross-bill will not be sustained when the relief sought is not founded upon the allegations of the original bill, and when the facts are merely such as to authorize a recovery of damages for which there is an adequate remedy at law.

In Equity.

*Sprague, Morey & Sprague,* for complainants.

*Theodore Bacon,* for defendant.

WALLACE, J. The demurrer to the cross-bill proceeds upon the ground that the facts alleged do not entitle the complainants in the cross-bill to any equitable relief, but are simply such as to authorize a recovery of damages for which there is an adequate remedy at law. The original bill was filed, as appears by the averments of the cross-bill, to restrain these complainants from violating the covenants of an agreement between the parties by which the present complainants undertook to operate certain patented apparatus and appliances in connection with their soap factory for the period of 10 years, and deliver to the defendant the product, and not to use any other process for extracting glycerine in their soap factory. The cross-bill alleges, in substance, that the complainants were induced to enter into the agreement by fraudulent representations on the part of the defendant respecting the merits of the appliances; that they have suffered great loss and damage by reason thereof in their manufacture of soap; and that their sales have been largely diminished by reason of the inferior quality of the soap produced by the patented appliances. The prayer for relief is that the contract be adjudged fraudulent, and that the complainants recover the damages, to be ascertained upon an accounting, which they have sustained by the use of the patented appliances.

The demurrer is well taken. A demurrer for want of equity will not generally hold to a cross-bill filed by the defendant in a suit against the complainant touching the same matter. Being drawn into the court by the complainant in the original bill, he may avail himself of the assistance of the court without being put to show a ground of equity to support its jurisdiction, a cross-bill being generally considered as a defense. Mitf. & T. Eq. 298; Story, Eq. Pl. § 399. But when the defendant seeks for affirmative relief, he is limited to equitable relief only, and to this extent the cross-bill is of the nature of an original bill seeking further aid from the court.

The equitable relief sought by the present cross-bill is founded upon a cause of action quite distinct from that set forth in the original bill. The original bill proceeds upon the theory that the covenants

in the agreement are of such a nature that their breach cannot be reparably redressed by damages in an action at law. This is of necessity the only ground upon which equitable jurisdiction could be invoked. If the cross-bill were one to recover damages for the breach of those same covenants, there would be no fair room to doubt that the defendants, by a demurrer, could not challenge its sufficiency for want of equity. But it alleges facts which give only the common action of deceit without anything to show any unusual complexity in the case respecting the damages sustained.

Treating the cross-bill as an original bill, a court of equity would refuse to exercise jurisdiction because the complainants have a full, adequate, and complete remedy at law. *Ambler* v. *Choteau*, 107 U. S. 586; S. C. 1 Sup. Ct. Rep. 556; *Woodman* v. *Freeman*, 25 Me. 531; *Boardman* v. *Jackson*, 119 Mass. 161; *Newham* v. *May*, 13 Price, 752. The general proposition that equity has always jurisdiction of fraud, misrepresentation, and concealment is a familiar one; but the exercise of the jurisdiction is refused where the remedy at law is in all respects as satisfactory as the relief which could be furnished by a court of equity. If the cross-bill sought equitable relief, such as the cancellation and delivery up of the agreement, it might perhaps be sustained. See Coop. Eq. Pl. 85, 86; *Hilton* v. *Barrow*, 1 Ves. Jr. 284; Daniell, Ch. Pl. (1st Amer. Ed.) 1744. As it is, all the matter tending to defeat or nullify the agreement may be availed of by answer to the original bill. A decree for the defendants on that ground will adjudicate the question of fraud, and leave only the question of damages to be determined at law.

The demurrer is sustained.