### MARKELL and others *v.* KASSON and others.

*(Circuit Court, D. Colorado. May 12, 1887.)*

EQUITY PRACTICE — CROSS-BILL FOR SPECIFIC PERFORMANCE — DISMISSAL OF ORIGINAL BILL.

Where an ejectment suit is brought to recover possession of mining property, and, as an auxiliary to the same, a bill in equity is filed to restrain the working of the mine, which ejectment and bill are both dismissed, such dismissal of the bill does not carry out of court with it a cross-bill filed by the defendants for the specific performance of a contract for the conveyance of a portion of the property in question. Such cross-bill, having for its object affirmative relief, may be retained for hearing and decree, notwithstanding the dismissal of the original bill.

In Equity. Bill and cross-bill for an injunction, etc. On dismissal of original bill.

*J. D. Ward* and *Clinton Reed*, for complainants on original bill.

*Patterson & Thomas*, for defendants on original bill.

BREWER, J. In No. 1,903 this question is presented: There was an ejectment suit to recover possession of some mining property. Auxiliary to that, a bill in equity was filed for an injunction to restrain the working, on which a temporary injunction was issued. Thereafter the defendants filed a cross-bill praying, on their behalf, a temporary injunction, and also setting up a contract for the conveyance of a little fraction of ground. The ejectment suit was dismissed. The complainants in the original bill dismissed their bill, and insist that by that dismissal the cross-bill also went out of court. The defendants object, being

cross-complainants in their cross-bill, and insist on a right to a hearing, and a decree upon so much, at least, of their bill, as prayed for a specific performance of the contract to convey this little tract of disputed territory. And that is the question which is to be determined,—whether, when the original bill is dismissed, necessarily the cross-bill goes with it.

There is, of course, a certain sense in which the cross-bill is a part of the original action; it is auxiliary to the original bill. It may be filed to set up new matter, but matter only defensive; and of course in such a case as that, as where the cross-bill simply seeks a discovery, when the original bill goes out, the cross-bill goes with it. But it may be and it was filed in this case seeking affirmative relief, presenting matter not purely defensive in its nature. A familiar illustration is where a mortgagee files his bill making other mortgagees defendants, and they come in, setting up, by cross-bill, their mortgages, and praying foreclosure of them. In cases of that kind, does the dismissal of the original bill necessarily take the cross-bill out of court? Neither on principle nor authority can such a claim be sustained. The cross-bill is in one sense an independent proceeding. While it is filed in the original action, yet process must be served, or appearance obtained, before there is any issue upon it; and where the cross-bill sets out matter upon which affirmative relief is sought, and in respect to which testimony is taken, and all the expense of that testimony incurred, it would be unjust to permit the complainant in the original bill to take the whole thing out of court. The statutes of limitation might come in before a new bill could be filed; the difficulties of bringing the parties in the original bill into court,— many inconveniences suggest themselves, and the authorities run in that line. Thus Barbour, in his work on Chancery Practice, (2 Barb. 129,) says: "The connection of the matter of the cross-bill, be it *per se* legal or equitable, with the subject-matter of the original bill, gives the court jurisdiction of the cross-bill, of which it cannot be ousted by the dismissal of the original bill." In a recent case in the supreme court, *Holgate* v. *Eaton,* 116 U. S. 33, 6 Sup. Ct. Rep. 224, while this question is not discussed, yet the decree of that court recognizes the propriety of this rule, for it reverses the decree entered by the circuit court, and remands the case with instructions to dismiss the original bill, and to proceed to a hearing upon the cross-bill. Of course, that could not be done if the dismissal of the original bill took the cross-bill *ipso facto* out of court. In *Lowenstein* v. *Glidewell,* 5 Dill. 325, the matter is discussed on principle by Judge CALDWELL, of the federal court of Arkansas, and his conclusion is in harmony with this view.

Many other authorities have been cited from state courts, some based upon statute, others upon the general principles of equity jurisprudence and practice, and they all support the doctrine. It was suggested that this case presented a different feature, in that this bill—that is, the original bill—was filed only as auxiliary to the ejectment suit, and that, when the ejectment suit went out, the original bill must necessarily go out, and, it going, the cross-bill must also go. I do not think that result follows. It would follow, of course, if the simple relief sought in

the cross-bill was injunctive, and in respect to the operation of the mine in the disputed territory; but where this cross-bill proceeds, as this does, and as it of right may do, setting up new matter, to ask affirmative relief in the way of a decree for a specific performance, that is something so independent in its nature that it may be, and upon application of the complainants in the cross-bill should be, retained for hearing and decree. I do not, of course, mean to say that by the cross-bill, as is also attempted in this case, you can introduce matter foreign to the subject-matter of the original bill, and for that litigate; for I understand the cross-bill must be connected with the subject-matter of the original bill, and that alone.

In respect to the original bill there has been no formal entry, but counsel declare it should be, and so it will be entered, "Complainants dismiss bill, and cross-bill retained for hearing and decree."