RUSSELL & CO., Appellants, v. NEWTON LAMB, Appellee.

1. **Practice**: TRIAL ON CROSS-PETITION AFTER DISMISSAL BY PLAINTIFFS. Where an action was brought to redeem certain real estate from the foreclosure of a mortgage, and the defendant

filed a cross-petition, asking that his title to the property in question be quieted, as against said claim of the plaintiffs, *held*, that, upon the dismissal of the action by the plaintiffs, the court properly retained the cause for the trial on the defendant's cross-petition.

2. ———: NOTICE: APPEARANCE.    A party cannot, after appearance to an action, complain of the want of notice.

3. ———: PARTY NOT PREJUDICED BY MISNAMING A PLEADING.    The designation of a cross-petition as a " cross-bill" will not defeat the right of the petitioner to the relief asked, conceding the term " cross-bill" to be improper.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FRIDAY, MAY 22, 1891.

ACTION in chancery to redeem in effect from a decree of foreclosure of a mortgage brought by the holder of another mortgage.    After a cross-bill was filed, the plaintiffs dismissed their petition without prejudice. The defendant insisting upon a trial on the cross-bill, the plaintiffs filed a petition asking for the removal of the cause to the United States circuit court, which was denied.    The cause came on for trial on the cross-bill, and a decree was entered for the defendant as prayed for by him.    The plaintiffs appeal.—*Affirmed.*

*Macy, Sweeny & Jones* and *Cole, McVey & Clark,* for appellants.

*W. G. Harvison,* for appellee.

BECK, C. J.—I.    The appellants raised no objection as to the correctness of the ruling of the district court in
refusing to transfer the case to the United
States circuit court.    The only questions discussed involve the authority of the district
court to proceed with the case made by the
cross-bill after the plaintiffs had dismissed their petition. The position of counsel for the plaintiffs, denying the authority of the court to render judgment on the cross-bill after the plaintiffs' petition was dismissed, is stated

*1. PRACTICE:* trial on cross-petition after dismissal by plaintiffs.

in the following language: "The defendant, by his answer in this case, did not state a cause of action, and in law did not make or file a 'cross-bill' or 'counter-claim;' and, hence, the court had nothing before it of which it could take jurisdiction after the plaintiffs' action was dismissed." The facts stated by counsel upon which this position is based are not shown by the abstract, but, on the contrary, it is averred that, under regular and valid proceedings to foreclose the mortgage, which are assailed by the plaintiffs, the defendant acquired the fee-simple title to the land in controversy; and that the plaintiffs, in those proceedings, resisted the foreclosure of the defendant's mortgage. The defendant prays that this answer be taken as a cross-bill, and that the title of the lands be declared to be vested in him, and that the plaintiffs be forever enjoined from making any claim to the land, and other and further relief be granted, to which in equity he may be entitled. This cross-bill was amended by the defendant in an answer.

Section 2663, of the Code, is in the following language: "When a defendant has a cause of action affecting the subject-matter of the action against a codefendant, or a person not a party to the action, he may, in the same action, file a cross-petition against the codefendant or other person. The defendants thereto may be noti-fied as in other cases, and the defense thereto shall be made in the time and manner prescribed in regard to the original petition, and with the same right of obtaining provisional remedies applicable to the case. The prosecution of the cross-petition shall not delay the trial of the original action when a judgment can be rendered therein that will not prejudice the rights of the parties to the cross-petition." It is very plain upon the statement of facts which we have made that the defendant showed in his answer that he had a cause of action against the plaintiffs affecting the land in ques-tion, the real subject of the plaintiffs' action. He shows that he holds the fee-simple to the land, and that the plaintiffs set up an invalid claim of right,

which, if sustained, will defeat the defendant's title. He has, upon these facts, under the familiar rules of equity, an action to quiet his title, and remove the cloud resting thereon by reason of the plaintiff's invalid and inequitable claim. We shall not be expected to cite the books to sustain this familiar rule.

II. Counsel for the plaintiff think that, as the plaintiffs were not notified as prescribed by the statute, the district court should not have taken cognizance of the cross-bill. But the plaintiffs appeared to, and answered, the cross-bill, and cannot now complain of want of notice.

*2. ——: notice: appearance.*

III. The answer of the defendant asks that it be taken as a cross-bill. The name given the pleading in the statute is "cross-petition." The same pleading is intended to be designated by both names. The law will not defeat rights because things are called by wrong names. But the term "cross-bill," we think, was not incorrectly used in the pleading. It is often used in our reports and digests. See 2 McClain, Dig. 296; *Thode v. Spofford*, 65 Iowa, 294.

*3. ——: party not prejudiced by misnaming a pleading.*

IV. Counsel for the plaintiffs claim that the defendant introduced no evidence to sustain his cross-bill. The original abstract, filed by plaintiffs, plainly shows to the contrary, and, if possible, it is still made more plain by an amended abstract, which specifies, without setting them out, the records in certain actions and certain deeds. It is certain that the defendant did introduce evidence in support of his cross-bill. What that evidence was the plaintiffs have not attempted to show by their abstract or otherwise. We cannot, therefore, review the decree of the court below. Being a chancery case it is triable here *de novo;* but, could it be reviewed upon errors, we cannot consider the evidence, for it is not brought before us to determine whether its sufficiency supports the decree of the district court.

No other questions demand consideration in the case. The decree of the district court is AFFIRMED.