MICHAEL SHAUGHNESSY ET AL. V. ST. ANDREW'S CHURCH OF TECUMSEH.

FILED FEBRUARY 6, 1902.   No. 11,682.

Commissioner's opinion, Department No. 2.

Ejectment: PRIOR EQUITY ACTION. An action in ejectment can not be maintained during the pendency of a prior action in equity between the same parties, in which plaintiff alleges that defendant wrongfully withholds possession of the same property from the plaintiff, and asks to enjoin the defendant from excluding the plaintiff therefrom.

ERROR from the district court for Johnson county. Tried below before STUBBS, J. *Reversed.*

*Samuel P. Davidson,* for plaintiff in error.

*Sawyer & Snell, contra.*

SEDGWICK, C.

This is an action in ejectment begun by this defendant in error against the plaintiffs in error in the district court of Johnson county to recover possession of church and parsonage property. The petition is in the ordinary form. The answer, among other pleas, alleges "that on the 30th day of November, 1897, a suit was commenced in this court, in which St. Andrew's Church of Tecumseh, Nebraska, was named as plaintiff, and these defendants and 'others too numerous to mention' were named as defendants, and said suit was instituted by and under the direction of said Thomas Bonacum as such bishop, and that in bringing said suit he used the name of said church as plaintiff, as defendants averred therein, without authority. Said suit was instituted for the sole and only purpose of securing possession of the same property now in controversy, and of removing these defendants from the possession thereof as such trustees on behalf of said communicants, and for the purpose [of] securing possession thereof by said Bonacum, in order that he might use the same for his own individual purposes and not for the benefit of said communicants, as was alleged in the answer in this case, and which these defendants now allege is the sole purpose of this suit. And the subject-matter and issues involved in that suit are the same, in substance and in fact, as the subject-matter and issues involved in this suit. Said suit is now pending and undetermined in the supreme court of Nebraska, to which court it has been regularly taken by appeal by these defendants, after a decree and judgment had been entered in favor of plaintiff in that case in this court. When said case was so taken to the said supreme court of Nebraska, an order for a supersedeas undertaking to be given was entered by said supreme court, and in pursuance thereof said undertaking was given and regularly approved and entered, and is now in full force."

The reply admits the commencement of the suit referred to in the answer, but denies that the subject-matter and

issues involved in that suit are the same, in substance and fact, as the subject-matter involved in this suit; admits that a decree and judgment was entered in the district court in favor of the plaintiff therein and against the defendants, and that the same is pending in the supreme court, and admits that a supersedeas bond was given and approved; and denies each and every other allegation contained in the answer. The defendant put in proof the pleadings in the former case, from which it appears that the petition therein, among other things, alleges "that on or about the 4th day of August, 1897, plaintiff, by said members mentioned in paragraph five hereof, took possession of said parsonage by opening a window thereof, and one of their number entered therein, and then unlocking and opening the doors thereof; that when defendants learned of this fact they obtained a warrant for the arrest of said Hartig, and while he and the other members of said plaintiff corporation were absent from said parsonage, fraudulently induced the housekeeper to step outside of said parsonage, whereupon said defendants unlawfully entered the same, and locked and barred the doors and windows, and have since said time forcibly and unlawfully held the possession of the same and of said church building, which they also keep locked and barred, and they threatened to arrest any one or all of the officers or members of plaintiff corporation who shall attempt to or who enters said parsonage or church building." The plaintiff, among other things, asked that the defendants be enjoined from in any manner excluding from said church edifice the plaintiff and said five members constituting the plaintiff corporation, and that the defendants be required to surrender to the plaintiff the keys to said parsonage and church buildings, and all other property of the plaintiff in their possession. The answer denied these allegations of the petition, and, among other things, the defendants therein admitted that they "have held and kept possession of the church and parsonage described in the petition, and have kept the bishop, the priest and the vicar general out of

the possession," and then alleged facts which they claimed entitled them to the possession of the property.

When a court of equity takes jurisdiction for any purpose it will retain jurisdiction for all purposes, and do complete justice between the parties. There can be no doubt that in the former action the court had complete jurisdiction to settle all questions in regard to the possession and right of possession of the property in dispute, and to put the party in possession of the property who should be found in that action to be entitled to the same. We think, therefore, that the defendants' plea of another action pending ought to have been sustained.

It is therefore recommended that the judgment of the district court be reversed and this case dismissed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the case dismissed.

REVERSED AND DISMISSED.