ALVIN H. ARMSTRONG ET AL. V. SIMON D. MAYER ET AL.

FILED MAY 20, 1903. No. 12,820.

1. Cross-Petition. A defendant in an action is not restricted to the counter-claim provided for in sections 100 and 101 of the code, but, in a proper case, may seek affirmative relief, either against the plaintiff or against codefendants, by cross-petition.

2. ———. In such case, the cross-petition gives rise to a cross-suit, auxiliary to and dependent upon the original suit, but for many purposes distinct.

3. Cross-Suit: BASIS OF RIGHT. The basis of the right to bring such a cross-suit is to be found in sections 1 and 429 of the code, and in the consideration that in cases where the code is silent, remedies furnished by the old common law or equity practice, not

inconsistent with its provisions, may be resorted to in order to prevent failure of justice.

4. ———: WHEN MAINTAINABLE. A cross-petition is maintainable either to aid in the defense of the original suit, where affirmative equitable relief is required to make such defense effective, or to obtain a complete adjudication of the controversies between the original complainant and the cross-complainant over the subject matter of the original suit.

5. Cross-Bill: CHANCERY PRACTICE. Under the chancery practice, where the purpose of a cross-bill is defensive merely, it need not be based on equitable grounds nor seek equitable relief; but when its purpose is more than defensive, and it seeks relief affirmatively, its scope must be limited to matters which are cognizable in a court of equity, if not to matters cognizable upon equitable grounds.

6. ———: ———. It is also required under the chancery practice, that the cross-suit be germane to the original suit. The new issues which a defendant may introduce by cross-bill are limited to such as it is necessary for the court to have before it in deciding the questions raised in the original suit in order to do complete justice to all parties with respect to the cause of action on which the plaintiff bases his claim for relief.

7. Chancery Practice Enlarged by Code. It seems that the rules of chancery practice are so far enlarged by the code that, although a cross-petition is more than merely defensive and seeks affirmative relief beyond the purposes of defense, such relief need not be equitable, nor need the cross-petition be based on equitable grounds.

8. Cross-Petition: SCOPE. But the matters set up in the cross-petition must be germane to the original suit. The cross-petition is not maintainable for purposes of affirmative relief as a cross-suit beyond the requirements of a complete adjudication upon the subject mater of the original suit.

9. Cross-Petition Not Maintainable. Pending proceedings to obtain possession of defendant's building, then occupied by plaintiffs, plaintiffs sued to enjoin defendants from procuring or executing a writ of restitution until they could obtain review upon error of a judgment in forcible detention, and to enjoin interference with their possession or prosecution of further proceedings until the pending cause was determined. After judgment on the petition in error adverse to plaintiffs, but before hearing of the injunction suit, defendants filed a cross-petition therein, claiming damages for abuse of process in the taking of unfounded and vexatious appeals and proceedings in error in state and federal courts, for attorneys' fees and expenses therein, and in securing vacation of a restraining order in said injunction suit, for in-

juries to the building while occupied by the plaintiffs, and for loss of the use of an adjacent building rented to be used in connection with the one in controversy. *Held*, that such cross-petition was not maintainable.

10. Supersedeas Bond: EFFECT. The giving of a supersedeas bond for the purpose of an appeal, under section 677 of the code, will not prevent the district court from ruling upon a motion for a new trial, theretofore filed, in order to enable the party giving such bond to prosecute error, should he so elect.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, DISTRICT JUDGE. *Reversed. Petition and cross-petition dismissed.*

*Lionel .C. Burr, Elmer Ellsworth Spencer* and *Charles O. Whedon,* for plaintiffs in error.

*Walter J. Lamb* and *Robert Ryan, contra.*

POUND, C.

In July, 1899, Mayer Brothers, hereinafter called the defendants, became the owners of the building in controversy. At the time of the conveyance, said building was occupied by the Armstrong Clothing Company, a partnership, hereinafter referred to as the plaintiffs, under an assignment to one of the partners of a lease made to another firm by the former owners. The lease expired on February 1, 1900. At its expiration, the plaintiffs refused to surrender possession, and proceedings in forcible detainer were brought by the defendants, which resulted in a finding of guilty and a judgment accordingly. From this judgment, the plaintiffs took an appeal to the district court, and, upon judgment going against them in that court, prosecuted error in the supreme court. In the. latter tribunal, however, it was determined that there was no right of appeal from the justice's to the district court in such cases, as the statutes then stood. *Armstrong v. Mayer,* 60 Neb. 423. Thereupon the plaintiffs procured a bill of exceptions from the justice before whom the cause was first tried and filed it with a transcript and petition

in error in the district court, in order to obtain a review
of the judgment. While this petition in error was pend-
ing, they brought the present suit. The petition sets forth
the proceedings in the justice's court, the pendency of the
petition in error, and the execution, filing and approval
of a proper supersedeas bond. It alleges further that
summons in justice's court was served upon Alvin H.
Armstrong only, that the Armstrong Clothing Company
was not a party, and that Samuel G. Armstrong was not
served; that the plaintiffs and defendants are competitors
in business, and that the defendants, for the purpose of
injuring plaintiffs in their business and of preventing
competition, were threatening and about to procure the
issuance of a writ of restitution and cause such writ to
be executed, and to forcibly and unlawfully put the plain-
tiffs out; that plaintiffs had a large stock of goods and
merchandise in said building, of the value of $40,000 and
upwards, that there was no other place available in the
city of Lincoln for their business, and that irreparable
injury would result. They prayed for an injunction re-
straining the defendants from instituting any proceedings
at law or in equity to obtain posession of the building,
from interfering in any way with plaintiffs' possession,
and from taking or attempting to take possession of the
building or any part of it. Before this cause could be
heard, the petition in error was disposed of in the district
court, adversely to the plaintiffs, and proceedings in error
were taken in the supreme court to review the judgment
of affirmance. These proceedings also resulted adversely
to the plaintiffs. A writ of error was then obtained from
the supreme court of the United States, but the cause
was dismissed in that court for want of jurisdiction.
*Armstrong v. Mayer,* 183 U. S. 693.

After the district court had affirmed the judgment of
the justice of the peace, but before the present suit came
on for hearing, the defendants, by leave of court, filed a
cross-petition, in which they set up a conspiracy on the
part of the plaintiffs to withhold possession of the prem-

ises wrongfully and to extort money from defendants as a condition of surrendering possession, and alleged that pursuant to such conspiracy the plaintiffs had been guilty of wrongful and malicious abuse of process in the prosecution of unfounded and groundless appeals and proceedings in error, without any probable cause. They alleged further that by reason of plaintiffs' wrongful withholding of possession and of such malicious abuse of process, they had been deprived of the use of a room adjacent to the building in controversy, which they had rented solely for use in connection therewith, and were not able to make use of otherwise; that the plaintiffs, on vacating the premises, wrongfully removed certain fixtures; that they committed certain acts of waste, and in particular failed to keep the roof in repair and to care properly for the heating plant. By a supplemental cross-petition, they set up certain further items of damage along the same lines. They prayed, among other things, for an accounting of their damages by reason of the several matters alleged, and for judgment against the plaintiffs therefor. Upon trial of these issues, the court found for the defendants, dismissed the petition, found the sum of $12,192.76 due the defendants as damages upon their cross-petition, and rendered judgment against the plaintiffs accordingly.

Although the plaintiffs contend that the district court erred in dismissing their petition, we do not think there is any serious question that the decree is correct in this particular. As we see it, the sole question to be decided is whether the defendants were entitled to maintain their cross-petition or should have been remitted to a separate and independent action at law. The right of the defendants to litigate their several claims for damages in this cause was contested below by demurrers, by motions at the trial, by requests for trial by jury, by protestations in the answers and by motion for a new trial, and we are of opinion that it has been challenged sufficiently and is before us for determination.

A considerable portion of the plaintiffs' argument in

this court is devoted to the proposition that the claims
for damages set up by the defendants are not available
as counter-claims under sections 100 and 101 of the code,
and were not maintainable in the present cause for that
reason.   But we think a defendant in an action is not
restricted to the counter-claim provided for in said sec-
tions, but, in a proper case, may seek affirmative relief,
either against the plaintiff or against codefendants, by
cross-petition.   The code of this state contains no pro-
visions with reference to cross-petitions.   Nevertheless
the practice of filing them has long obtained in this juris-
diction, and the right to bring a cross-suit auxiliary to
and dependent upon the original suit, yet distinct for
many purposes, has been recognized, at least, repeatedly.
*Hapgood & Co. v. Ellis,* 11 Neb., 131; *Carlow v. Aultman
& Co.,* 28 Neb. 672; *Arnold v. Badger Lumber Co.,* 36
Neb. 841; *Patten v. Lane,* 45 Neb. 333; *Havemeyer v. Paul,*
45 Neb. 373.   In several jurisdictions where there are no
provisions on this subject in the codes, the equity practice
which allows affirmative relief upon cross-bill has been
adopted even to the extent of allowing new parties to be
brought in.   *Sims v. Burk,* 109 Ind. 214; *Killian v. An-
drews,* 130 Ind. 579; *Hopkins v. Gilman,* 47 Wis., 581.
Even where the codes expressly provide for cross-petitions
against codefendants, cross-petitions for relief against
the plaintiff, not provided for in the codes, are recognized
by the courts.   *Radcliffe v. Scruggs,* 46 Ark. 96; *Russell
& Co. v. Lamb,* 82 Ia. 558; *Cramer v. Clow,* 81 Ia. 255.
We think this long established and well recognized prac-
tice has a sufficient basis in sections 1 and 429 of the code,
and in the consideration that in cases where the code is
silent, remedies furnished by the old common law or
equity practice, not inconsistent with its provisions, may
be resorted to in order to prevent failure of justice.   Sec-
tion 429 provides that the court, in rendering judgment,
"may determine the ultimate rights of the parties on either
side, as between themselves, and it may grant to the de-
fendant any affirmative relief to which he may be en-

titled." In construing a similar provision in the code of Indiana, the supreme court of that state said:

"The statute expressly confers power to determine the rights of the parties on each side of the case, as between themselves, when the justice of the case requires it. * * * The mode of procedure, however, is not pointed out by the statute, and, as the authority given is one previously possessed only by courts of chancery, we suppose the rules of pleading and practice of those courts, modified by the spirit of the code, must be resorted to." *Fletcher v. Holmes*, 25 Ind. 458.

It may be admitted that the code of Indiana has a provision expressly authorizing such resort to the old practice. But, in the language of a well known text-writer, "this provision must be understood everywhere. No court would deny one's right, or invent an original mode of proceeding for protecting it, because of an omission in the code, so long as the common law or equity practice furnished a remedy." Bliss, Code Pleading (3d ed.), sec. 390. Hence, we are of opinion that a cross-petition is maintainable under the code, as a cross-bill would be in the chancery practice, either to aid in the defense of the original suit, where affirmative equitable relief is required to make such defense effective, or to obtain a complete adjudication of the controversies between the original complaint and the cross-complaint over the subject matter of the original suit. Otherwise, the doctrine that a court of equity, having obtained jurisdiction, will retain the cause for complete determination, and the jurisdiction of equity to prevent a multiplicity of suits would be seriously impaired.

Assuming therefore, that the right of the defendants to maintain their cross-action is not concluded by the rules of the code as to counter-claims and the decisions of this court construing them, we must determine the cause in accordance with the rules of chancery practice governing cross-bills, so far as consistent with the provisions of the code, and subject to such modifications as the letter or

spirit of the code may have introduced or may require. In that practice, it is well settled that the "issues raised by a cross-bill must be so closely connected with the cause of action in the original suit that the cross-suit is a mere auxiliary or dependency upon the original suit." *Springfield Milling Co. v. Barnard & Leas Mfg. Co.*, 26 C. C. A. 389, 81 Fed. 261; *Cross v. De Valle*, 1 Wall. (U. S.) 1; *Stuart v. Hayden*, 18 C. C. A. 618, 72 Fed. 402; *Stonemetz Printers' Machinery Co. v. Brown Folding Machine Co.*, 46 Fed. 851; *Mathiason v. City of St. Louis*, 156 Mo. 196; *May v. Armstrong*, 3 J. J. Marsh. (Ky.) 260; *Krueger v. Ferry*, 41 N. J. Eq. 432. Where the ultimate purpose of the cross-bill is defensive only, the cross-suit is so completely dependent upon the original suit, that the dismissal of the latter carries with it the former. *Cross v. De Valle, supra.* But in case the cross-bill goes further, and seeks affirmative relief with respect to the subject matter of the original bill for more than strictly defensive purposes, the cross-suit is for many purposes distinct, so that, for example, it does not fall with the original suit upon voluntary dismissal or dismissal for want of equity. *Lowenstein v. Glidewell*, 5 Dill. (U. S.) 325; *Markell v. Kasson*, 31 Fed. 104; *Wilkinson v. Roper*, 74 Ala. 140; *Clark v. City of Des Moines*, 20 Ia. 454; *Wetmore v. Fiske*, 15 R. I. 354; *Coogan v. McCarren*, 50 N. J. Eq. 611. It does not follow, however, that the cross-suit may be wholly independent of or unconnected with the original suit. The chancery practice limits its scope, both with respect to the relief obtainable and with respect to subject matter, in several important particulars.

Under the chancery practice, where the purpose of a cross-bill is defensive merely, it need not be based on equitable grounds nor seek equitable relief. *Lambert v. Lambert*, 52 Me. 544; *Nelson & Hatch v. Dunn*, 15 Ala. 501; *Gilmer v. Felhour*, 45 Miss. 627; Story, Equity Pleading (10th ed.), sec. 628; 2 Daniell, Chancery Pleading & Practice, 1549. But this is limited, as stated in *Lambert v. Lambert, supra,* to cross-bills "brought forward by way

of defense." When the purpose of the cross-bill is more than defensive and it seeks relief affirmatively, its scope must be limited to matters which are cognizable in a court of equity, if not to matters cognizable upon equitable grounds. *Jackson v. Simmons,* 39 C. C. A. 514, 98 Fed. 768; *Wright v. Frank,* 61 Miss. 32; *Griffin v. Fries,* 23 Fla. 173; *Beal v. Smithpcter,* 65 Tenn. 356; *Lautz v. Gordon,* 28 Fed. 264; *Crisman v. Heiderer,* 5 Colo. 589; *Gage v. Mayer,* 117 Ill. 632; *Trapnall v. Hill,* 31 Ark. 345. It is also required under the chancery practice that the cross-suit be germane to the original suit. The new issues which a defendant may introduce by cross-bill are limited to such as it is necessary for the court to have before it in deciding the questions raised in the original suit in order to do complete justice to all parties with respect to the cause of action on which the plaintiff bases his claim for relief. *Krueger v. Ferry,* 41 N. J. Eq. 432; *Ferry v. Krueger,* 43 N. J. Eq. 295; *Brownlee v. Warmack,* 90 Ga. 775; *Mathiason v. City of St. Louis,* 156 Mo. 196; *Cross v. De Valle,* 1 Wall. (U. S.) 1; *Rowan v. Sharps' Rifle Mfg. Co.,* 33 Conn. 1; Cooper, Equity Pleading, 85.

In *Stuart v. Hayden,* 18 C. C. A. 618, 72 Fed. 402, the court say:

"A cross-bill is brought either to aid in the defence of the original suit or to obtain a complete determination of the controversies between the original complainant and the cross-complainant over the subject matter of the original bill. If its purpose is different from this, it is not a cross-bill, although it may have a connection with the general subject of the original bill."

In *Krueger v. Ferry, supra,* the court said:

"The new facts which it is proper for a defendant to introduce into a pending litigation by means of a cross-bill, are such, and such only, as it is necessary for the court to have before it in deciding the questions raised in the original suit, to enable it to do full and complete justice to all the parties before it in respect to the cause

of action on which the complainant rests his right to aid
or relief.   If a defendant, in filing a cross-bill, attempts
to go beyond this, and to introduce new and distinct mat-
ter, not essential to the proper determination of the matter
put in litigation by the original bill, although he may
show a perfect case against either the complainant, or
one or more of his codefendants, his pleading will not be
a cross-bill."

If we are to be guided entirely by the rules of chancery
practice, we must hold that the cross-petition in this case
is not maintainable for the reason that its purpose is more
than defensive and the relief which it prays is not sought
upon equitable grounds, but by reason of matters cogniz-
able only at law, and with respect to which the law fur-
nishes an adequate and complete remedy.   Abuse of pro-
cess, damages to the building, damages for waste and
removal of fixtures, and deprivation of the use of the
adjoining store room, are matters for a jury, not for a
court of equity.   So long as these matters are not set up
merely by way of defense, if the chancery practice were to
be adhered to, we should be obliged to recommend dismis-
sal of the cross-petition on this ground alone.   We are
inclined to the opinion, however, that the rules of the
chancery practice, in this respect, are so far enlarged,
under the code, that, although a cross-petition is more
than merely defensive, and seeks affirmative relief beyond
the purposes of defense, such relief need not be equitable
nor need the cross-petition be based on equitable grounds.
It is true some courts, in code states, have adhered to the
rule in its entirety.   *Crisman v. Heiderer,* 5 Colo. 589;
*Trapnall v. Hill,* 31 Ark. 345.   But there seems to be
sound reason and good authority for relaxing it.   The
doctrine that a court of equity, having obtained jurisdic-
tion of a controversy for some purpose clearly equitable,
will administer complete relief in the one proceeding, was
hampered somewhat, in its application, by the distinction
between law and equity and the necessity that courts of
equity keep within the limits appointed by that distinc-

tion. Where that distinction and its consequences no longer stand in the way, there is every reason to hold that the power of courts of equity to dispose of the whole controversy is enlarged so as to permit the legal as well as equitable incidents involved in a full determination of the subject matter of the original suit to be adjudicated.

"Wherever the true spirit of the reformed procedure has been accepted and followed, the courts not only permit legal and equitable causes of action to be joined, and legal and equitable remedies to be prayed for and obtained, but will grant purely legal reliefs of possession, compensatory damages, pecuniary recoveries, and the like, in addition to or in place of the specific equitable reliefs demanded, in a great variety of cases which would not have come within the scope of the general principle as it was regarded and acted upon by the original equity jurisdiction, and in which, therefore, a court of equity would have refrained from exercising such a jurisdiction." 1 Pomeroy, Equity Jurisprudence (2d ed.), sec. 242.

Conceding that the nature of the relief sought by the cross-petition and the grounds upon which it is sought do not of necessity prevent the defendants from demanding it by way of cross-suit in an equitable action, we have still to consider whether the subject matter of the cross-petition is germane to the original petition in the case at bar and so far essential to the proper determination thereof as to be properly the subject of a cross-suit. We see no reason to doubt that the matters set up in the cross-petition must be germane to the original suit under the code, quite as much as under the chancery practice. This has been assumed generally, without much discussion. 5 Ency. Pl. & Pr. 678. The only relaxation of the rule that there can not be two original bills in one cause, so far as we know, has been with respect to cross-bills between codefendants to foreclose second mortgages or other junior liens. The practice of filing cross-petitions for this purpose has always obtained here and has been recognized repeatedly, although not allowed in strictness

under the old practice. But in such cases the cross-petition is in substance germane to the original controversy. The subject matter thereof is the determination of the priorities of liens, the ascertainment of the amounts thereof, and the subjection of the property to plaintiff's claim. The defendants who hold subsequent liens are given complete relief, as against their codefendants, along these same lines. That this practice has not impaired the general rule is made clear by the refusal of the courts to allow controversies over the title, claims for partition, and the like, to be tried in suits for foreclosure. *Shellenbarger v. Biser,* 5 Neb. 195; *Hurley v. Cox,* 9 Neb. 230. We think, therefore, that a cross-petition is not maintainable for purposes of affirmative relief as a cross-suit beyond the requirements of a complete adjudication upon the subject matter of the original suit. New and distinct matter, not maintainable under the provisions of the code as to counter-claims, and not involved in a proper determination of the subject matter of the original suit, must be litigated in a separate action. When it is said that a court of equity will administer complete relief and adjudicate all controversies between the parties, the meaning is that a complete decree will be rendered with reference to the immediate subject matter of the original suit. The subject matter of that suit will not be dealt with piecemeal. It is not meant that all causes of action between the parties, or some of them, will be disposed of in the one cause where they are not involved in a complete disposition of the subject matter of the bill. *Stonemetz Printers' Machinery Co. v. Brown Folding Machine Co.,* 46 Fed. 851; *May v. Armstrong,* 3 J. J. Marsh. (Ky.) 260; *Lautz v. Gordon,* 28 Fed. 264; *Brownlee v. Warmack,* 90 Ga. 775; *Mathiason v. City of St. Louis,* 156 Mo. 196; *Allen v. Fury,* 53 N. J. Eq. 35. *Brownlee v. Warmack, supra,* is especially in point. Plaintiff alleged that he was owner of a mill and obtained the water to operate it from a spring on defendant's land, under a deed from defendant's predecessor, whereby he had the right to obtain water

from the spring by a mill race. He alleged that defendant was threatening to make ditches in and around the spring which would destroy, or injure his water supply, and prayed for an injunction to prevent this. The defendant filed an answer in the nature of a cross-bill, alleging that the plaintiff had negligently failed to repair his mill race and had allowed breaches in the banks, whereby the water escaped on the defendant's land and damaged it. He prayed for a decree awarding him damages therefor. It was held that this was not germane to the original petition and, moreover, was a cause of action in tort which, not being set up by way of defense but as a ground for affirmative relief, was not the subject of a cross-bill.

We think the authorities relied upon by the defendants are in entire accord with the principles announced above and afford no justification for the cross-petition in the case at bar. In *Shaughnessy v. St. Andrew's Church,* 63 Neb. 798, an equity suit was pending involving possession of a church. Afterwards one of the parties brought an action in ejectment to recover possession of the same church. The court held that a plea of another action pending should be sustained. That case, however, does not go to the extent of holding that collateral questions arising out of the wrongful possession of the appellants therein, such, for example, as claims for damages for waste committed, or for damages resulting from the wrongful exclusion of the appellee from the church, should or could have been adjudicated in the equity suit. *Haynes v. Union Investment Co.,* 35 Neb. 766, was a suit to enjoin a landlord from dispossessing a tenant without paying for certain furniture, fixtures and improvements, in accordance with the provisions of a lease. Here the subject matter of the action was more than the question of possession. The petition itself raised the whole question of the rights of the parties with reference to the furniture, fixtures and improvements. *Disher v. Disher,* 45 Neb. 100, merely involved the joinder of a legal and an equitable cause of action, both arising out of the same subject matter, in one petition. In *Tulleys v.*

*Keller,* 45 Neb. 220, the original petition put in issue the right of one of the parties to do business under a certain name and the transactions done under that name were the subject matter of the litigation. The relief awarded the defendants was with reference to this very subject matter. *Pittsburgh & C. R. Co. v. Mt. Pleasant & B. F. R. Co.,* 76 Pa. St. 481, is very similar to *Shaughnessy v. St. Andrew's Church, supra.* The subject matter of the equity suit being possession, it was held that full relief so far as possession was concerned could be given in that proceeding. In *Kaegebin v. Higgie,* 51 Ill. App. 538, suit was brought in equity to enforce an alleged parol agreement to lease for one year. There was also a prayer for an injunction restraining the defendant from interfering with complainant's possession. The cross-bill prayed that plaintiff's be enjoined from going upon or occupying the premises or interfering with the defendant's possession of the same or exercising any rights or control over the same, and for general relief. Upon hearing, the trial court found for the defendant, dismissed the original bill and put the cross-complainant in possession. This was held proper. *Grignon v. Black,* 76 Wis. 674, was an action to enjoin waste. The defendant claimed adverse title under certain tax deeds and prayed that the petition be dismissed and title decreed in him. The court said that as the plaintiffs had brought the defendant into a court of equity and called upon that court to give them relief, because they were the owners in fee and in actual possession of certain lands to which the defendant laid claim, the latter was clearly authorized to come into the same court and defeat their right to relief, by showing they had no title and no possession; and having shown that such possession and title were in himself he could obtain the affirmative relief to which his title and possession entitled him, as against the plaintiff.

Under these authorities the defendants could undoubtedly have maintained a cross-petition to obtain possession, although that would have been legal relief,

because possession was the subject matter of the contro-versy disclosed by the original petition. But possession and the right of possession was all that the original peti-tion covered; and by no stretch can the subject matter of the original suit be extended further. Claims of damages for abuse of process, for attorneys' fees and other expenses in the several legal proceedings between the parties, dam-ages for deprivation of possession pending such proceed-ings, injuries done to the property while it was in the wrongful possession of the plaintiffs, and the claim for deprivation of the use of the adjoining building, are in no sense a part of the subject matter of the original suit. In some sense they are connected with that subject matter; but the connection is not a necessary one so as to make it proper that the court pass upon them in order to render a complete adjudication with reference to pos-session and the right of possession, which alone are the subject matter of the original controversy.

One further point of practice remains to be noticed. Within three days after the rendition of the judgment, the plaintiffs filed a motion for a new trial. Afterwards, and within the twenty days fixed by section 677 of the code, they executed and filed the supersedeas bond pro-vided for by that section, for the purpose of an appeal. Their motion for a new trial was not acted on by the court for some time thereafter. It is now urged, on behalf of the defendants, that the district court lost all power to deal with the cause after filing of the supersedeas bond, for the period of six months allowed for the taking of an appeal, and was without jurisdiction to rule upon the motion for a new trial. It is contended also that the judgment can not be reviewed upon error in the absence of a ruling on that motion. We do not think this point is well taken. In the first place, it is doubtful whether a motion for a new trial was required. The substance of plaintiffs' case is that the pleadings will not sustain the judgment rendered; that, on the face of the pleadings, defendants' cross-petition, upon which the judgment in

their favor proceeds, was not maintainable. That question may be looked into on petition in error, although there has been no motion for a new trial below. *Farris v. State,* 46 Neb. 857; *Ames v. Parrott,* 61 Neb. 847. Moreover, we see no reason why the giving of a supersedeas bond for the purpose of an appeal under section 677 of the code, should prevent the district court from ruling upon a motion for a new trial, theretofore filed, so as to enable the party giving such bond to prosecute error, should he so elect. It is well settled that an abortive appeal will not bar proceedings in error. *Cahill v. Cantwell,* 31 Neb. 158. The moving party may elect whether to proceed by appeal or by petition in error, even after the transcript is filed and at any time before final submission. *Burke v. Cunningham,* 42 Neb. 645; *Beatrice Paper Co. v. Beloit Iron Works,* 46 Neb. 900. Hence, the mere filing of a supersedeas bond for an appeal can not operate as an election, nor can the district court, by delaying to rule upon the motion for a new trial till after the expiration of the twenty days fixed by section 677 of the code for giving a supersedeas bond, limit a party to one of two remedies of which he is entitled to choose either. It is true the supersedeas bond operates from the time it is filed for the period of six months allowed for taking the appeal. *Kountze v. Erck,* 45 Neb. 288; *State Bank of Nebraska v. Green,* 10 Neb. 130; *State Bank of Nebraska v. Green,* 8 Neb. 297. Its effect, however, is not to deprive the trial court of all power, but only to stay execution and prevent enforcement of the decree. *Heizer v. Pawsey,* 47 Kan. 33; *New Brighton & N. C. R. Co. v. Pittsburgh, Y. & C. R. Co.,* 105 Pa. St. 13.

We therefore recommend that the decree be reversed and the petition and cross-petition dismissed.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, the judgment of the district court is reversed, and the petition and cross-petition are dismissed.

REVERSED.