WALTER McK JONES, Complainant,

*v.*

PEDRO FUSTER AND EMILIA MOLLA VDA. DE FUSTER, Dfts.

---

San Juan, Equity, No. 1013.

EXTENT OF RELIEF ON CROSS BILL.

Equity Practice—Description in Answer.
 1. The answer must admit or deny description of land contained in the bill.

Equity Practice—Cross Complaint.
 2. Equity taking jurisdiction goes on and does complete justice,

Jones v. Fuster.

but this does not mean it will entertain a cross bill amounting to an action in ejectment.

Opinion filed April 23, 1919.

---

*Mr. O. B. Frazer* for complainant.

*Mr. Miguel A. Muñoz* for defendants.

HAMILTON, Judge, delivered the following opinion:

There are two motions made by the plaintiff in this case,—the first moves to strike the amended answer on the ground that it does not state facts constituting a defense.

1. The answer admits ¶¶ 1, 2, and 3, denies the description in ¶¶ 4 and 5 for lack of information, and denies ¶ 6. The answer avers ownership of defendant and others of certain land not described in the bill, and the rest of the answer is devoted to claiming ownership of the land so described and alleging that complainant has trespassed thereon by extending fences on 110 acres of said land, nevertheless denying that complainant is in possession thereof. It would seem that unless these 110 acres are in some way connected up with the land described in the bill of complaint the matters set up in the answer constitute no answer to the bill. It is quite possible that there is some connection, but it is not expressed in the answer, and the motion to strike must therefore be granted.

2. There is also a motion to dismiss the cross bill, which after the usual jurisdictional allegations alleges trespass upon the same land described in the answer and prays injunction

XI. Porto Rico.—21.

Jones v. Fuster.

against further trespass, besides damages for what has been done. The motion to dismiss sets up that the facts do not constitute a cause of cross action in equity. Construing the allegations against the pleader, it is not clear that the cross complainant is in possession, and this is fatal to any cross remedy by a court of equity. Whitehead v. Shattuck, 138 U. S. 146, 34 L. ed. 873, 11 Sup. Ct. Rep. 276. If not in possession the cross complainant can bring ejectment.

Apart from this, the cross complainant does not seek equitable remedies. Damages alone never constitute a remedy in equity. It is true that an injunction is prayed and an injunction against repeated trespass is a branch of equitable jurisdiction. It may be that repeated trespass is what was in the pleader's mind, but he does not allege it clearly.

His allegations are consistent with wanting merely to get his land back. This would be a legal claim. Even in a cross bill a party in equity must seek only equitable relief. Lautz v. Gordon, 28 Fed. 264. When equity takes jurisdiction it does go on and does complete justice, but this does not mean that, in an action to quiet title, a court of equity will entertain a cross bill amounting to an action in ejectment. Recent acts of Congress (38 Stat. at L. 956, chap. 90, Comp. Stat. § 1251a, 5 Fed. Stat. Anno. 2d ed. p. 1059) go far towards letting the same court exercise both equitable and legal jurisdiction; but it is not conceived that they go so far as to justify a legal cross bill in equity such as the one now attacked. If the complainant is not entitled to the relief sought, his bill will fail. It is not necessary to a determination of that issue for a court of equity to go on and try a legal and independent right.

The motion to dismiss cross bill is therefore granted.

It is so ordered.